## EX PARTE VIRGIL JOHNSON.

No. 24568. November 9, 1949.

*Vickers & Vickers,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Relator was convicted in Hale County, Texas, on a charge of burglary, by a jury on the 17th day of September, 1945.

On April 26, 1949, the presiding judge of this court, acting on relator's petition for writ of habeas corpus, transmitted the same to the Honorable C. D. Russell, district judge of Hale County, with the request and direction that he cause relator to be brought before him and that the facts regarding the averments in the petition be developed. The district judge was further directed to make return of all papers and transmit to the Texas Court of Criminal Appeals the evidence elicited on the hearing "* * * and the court's findings thereon." This procedure was taken in accordance with the provisions of Article 119, C. C. P.

Judge Russell complied with the directions and request, and the evidence so taken, together with Judge Russell's conclusion

thereon, are now before us in considering relator's application for release from the pentitentiary.

The petition beginning this action is quite voluminous and might be questioned on the grounds of insufficiency. This however, was considered before the matter was referred to the district judge to develop the evidence. It is our conclusion now, and was then, that enough facts are alleged to entitle him to a hearing. The substance of the entire petition is a complaint that he was not furnished with "competent and able counsel to represent him" at his trial. He further says that he did not have funds or means to secure an attorney; that he is not versed in the law and did not understand court procedure; that the trial judge refused to appoint counsel upon petitioner's request. He now invokes the provisions of the 6th and 14th Amendments to the Constitution of the United States. This, in our opinion, summarizes all of the allegations made by him requiring the attention of this court.

A quite lengthy hearing was had before Judge Russell, in which relator was represented by the Honorable J. E. Vickers, a former district judge and distinguished lawyer of Lubbock, Texas. The facts obtained have been properly transmitted to this court for our consideration. In addition, Judge Russell includes his findings of fact. If we were required to accept these findings of fact as stated, under all circumstances, it would practically nullify the purpose of Art. 119, C. C. P. and might result in the finding of the district judge, indirectly if not directly, turning one out of the penitentiary contrary to said article. Much of the very able brief of appellant's counsel is devoted to a discussion of the correctness of these findings of fact. This calls for the explanation that such findings were requested by this court for whatever assistance they might give in passing on the fact issues raised by the evidence, should there be any. In this case, as always, the findings are appreciated and, in fact, helpful, but not binding on us. We do not consider it necessary to discuss the various opinions of relator's counsel and that of Judge Russell as to the correctness of the conclusions. We consider it all together.

Upon reviewing the record with regard to the charge brought that relator was denied counsel, we find that the evidence wholly fails to substantiate such claim. Prior to the date of his trial, he had discussed with two well known attorneys employment for the defense of his case. He agreed to pay one a fee of $500.00, $150.00 cash and the balance later. This attorney performed

some service and, when the relator failed to comply with his contract to pay the balance of the fee, the attorney charged him $50.00 for what he had already done and returned to him, prior to the trial, $100.00 in cash. The evidence further shows that at the time of the commission of the offense relator owned a Chrysler automobile, which Judge Russell refers to as a valuable car. Whether this statement comes of his own knowledge or is supported by the record does not matter. It is in the record that he owned the car and, in making his case, appellant has wholly failed, when represented by counsel, to prove that it was encumbered or that it had little or no value. In the circumstance of the case, Judge Russell's comment should be considered.

We must keep in mind that the laws of the State of Texas, Article 494, C. C. P., require the appointment of counsel to represent a defendant only in capital cases. By reason of widespread misunderstanding of recent decisions of the Supreme Court of the United States, or, as counsel for relator has expressed it, there is a belief that the court will go further than it has gone in the matter, and because of such belief we are asked to declare void a trial where the court has failed to appoint counsel in a case less than capital. There is no proof that relator requested counsel. The evidence is to the contrary. He had, previous to the trial date, informed the district attorney that he would represent himself. It is also shown that he had been four times, previously, sent to the penitentiary upon his plea of guilty. He was no young man ignorant of his rights in the court room. He had used his own judgment of the law and facts in previous cases in pleading guilty. He did the same in this case by pleading not guilty. The record shows that he failed to object to some testimony offered which might have been excluded, had he done so. One of his alleged companions in crime did contest his case, was convicted, came to this court by appeal and his case was reversed because of insufficient evidence. This fact is availed of in appellant's brief as equitable grounds seeking his release. Such is not the question before us, however. We are confronted with the question to be determined as to whether or not the court committed error, in the matter of appointing counsel, which would render the judgment null and void. This is the sole question which we must finally determine in the matter as it stands before us.

Holton v. State, 158 S. W. 2d 772, discusses the state's obligation under the 6th and 14th Amendments to the Constitution of the United States. The holding was direct and positive that

it is not error for the trial court to fail to appoint counsel where the accused is on trial for an offense less than capital. Certiorari was refused in that case by the Supreme Court of the United States. See Holton v. State, 316 U. S. 703, 86 L. Ed. 1771.

In his very able brief in the case now before us, Judge Vickers observed that the trend of decisions since the Holton case indicates that the court will require the appointment of counsel in all cases of felony, or at least in the instant case. This court has given careful consideration to all of the decisions of the Supreme Court on the subject and it is our conclusion that they have not indicated an intention to hold differently to what they did in refusing writ of certiorari in the Holton case. In the present state of decisions, we consider the Holton case, supra, the law of Texas. If there are conditions in some cases that might call for a different decision, they are not to be found in the instant case and we see no reason why they should be discussed here.

Relator's petition for writ of habeas corpus is refused and he is remanded to the custody of the authorities of the state penitentiary to abide the judgment and the sentence imposed upon him.