**Ex parte Jack FRIDAY.**

**No. 54052.**

Court of Criminal Appeals of Texas.

Jan. 12, 1977.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

ONION, Presiding Judge.

This is an application for post-conviction writ of habeas corpus filed pursuant to Article 11.07, Vernon's Ann.C.C.P.

Petitioner was convicted in Cause No. 5254 in the 142nd Judicial District Court of Midland County on September 18, 1975 of the offense of aggravated assault with a deadly weapon. Petitioner's punishment was assessed by the court at life imprisonment in the Department of Corrections as a result of two prior felony convictions alleged and proved for the enhancement of punishment. No appeal was perfected from this conviction.

Petitioner filed an application for writ of habeas corpus in the convicting court challenging the validity of this life sentence in Cause No. 5254, contending that the two prior convictions alleged for enhancement of punishment had been previously used for enhancement to life in 1961 in another case in the same court, Cause No. 2680 (unlawful possession of a bomb). The two prior convictions supposedly used for enhancement in both cases were a 1952 burglary conviction in Cause No. 1707 and a 1946 burglary conviction in Cause No. 1456, in the then 70th District Court of Midland County. If petitioner's contentions are true, then the life sentence in Cause No. 5254 would have to be vacated. See *Carvajal v. State,* 529 S.W.2d 517 (Tex.Cr.App.1975); *Shaw v. State,* 530 S.W.2d 838 (Tex.Cr.App.1975); *Ex parte White,* 538 S.W.2d 417 (Tex.Cr. App.1976); *Rollins v. State,* 542 S.W.2d 163 (Tex.Cr.App.1976).

Relief was denied by the convicting court without a hearing, and the record was forwarded to this court. This court then entered an order on October 20, 1976 remanding this cause to the trial court for findings of fact and conclusions of law to determine the factual basis for the petitioner's claims with instructions to forward such findings to this court.

No findings of fact or conclusions of law were made. Instead the trial court on November 15, 1976 entered an order entitled "Order of the Court Granting Defendant a New Trial" in Cause No. 5254. The State then filed a motion to dismiss the indictment in Cause No. 5254, which was granted by the trial court. These records were forwarded to this court.

■ On December 6, 1976 this court entered another order directing the trial court to make the required findings of fact and conclusions of law. In said order it was noted that the trial court does not have the authority to grant a new trial after a felony conviction becomes final, and that only the Court of Criminal Appeals has the authority to grant relief as a result of a *post*-conviction writ of habeas corpus. See Article 11.07, § 3, Vernon's Ann.C.C.P.; *State ex rel. Wilson v. Briggs,* 171 Tex.Cr.R. 479, 351 S.W.2d 892 (1961); *Ex parte Johnson,* 153 Tex.Cr.R. 619, 224 S.W.2d 240 (1949). It was also noted that the trial court's order of November 15, 1976, purportedly granting petitioner a new trial in Cause No. 5254, is unauthorized and void.

On December 20, 1976 the trial court entered its "Findings of Fact and Conclusions of Law." This instrument was more of an explanation of why the trial court had taken certain actions rather than findings as to petitioner's contentions. However, the trial court forwarded the judgments, sentences, indictments, etc., in the various causes as this court had requested in its last order. From the record before us, it can be established that Cause No. 1707, the 1952 burglary conviction, was used for enhancement in both Cause No. 2680 in 1961 and again in Cause No. 5254 in 1975. What has apparently been overlooked by all parties is that the *other* prior conviction used for enhancement in Cause No. 2680 in 1961 was a 1946 burglary conviction in Cause No. 1458, while the *other* prior conviction used for enhancement in Cause No. 5254 in 1975 was a 1946 burglary conviction in Cause No. 1456. The records reflect that on March 4, 1946 the petitioner entered guilty pleas before the Midland County District Court in both Cause No. 1456 and Cause No. 1458. They were separate and distinct offenses, and it thus does not appear that either of these convictions has been used more than once for enhancement of punishment. Peti-

tioner's contention that Cause No. 1456 was used for enhancement in both Cause No. 2680 and Cause No. 5254 is not supported by the record.

■ Since Cause No. 1707 was in fact used for enhancement first in Cause No. 2680 and subsequently in Cause No. 5254, its subsequent use was improper and unauthorized. *Caravajal v. State,* supra; *Shaw v. State,* supra. The life sentence in Cause No. 5254 must be vacated.

The primary offense in Cause No. 5254 was aggravated assault with a deadly weapon, a felony of the third degree. See V.T.C.A., Penal Code, § 22.02. While the prior felony conviction in Cause No. 1456 has not been shown to have been previously used for enhancement, it is available to be used for enhancement in Cause No. 5254 so that the punishment can be assessed as a second degree felony. V.T.C.A., Penal Code, § 12.42(a).[1] The punishment for a second degree felony is for any term of not more than 20 years or less than 2 years.

The petitioner is entitled to partial relief. Since the trial court assessed punishment at the original trial during the penalty stage without the intervention of a jury, the trial court is instructed to bench warrant the petitioner from the Department of Corrections and to resentence him in Cause No. 5254 in accordance with this opinion.

It is so ordered.

---

1. V.T.C.A., Penal Code, § 12.42(a), provides:
   "If it be shown on the trial of a third-degree felony that the defendant has been once before

convicted of any felony, on conviction he shall be punished for a second-degree felony."