Ex parte Samuel Earl WILLIAMS.

No. 56410.

Court of Criminal Appeals of Texas.
Panel No. 1.

Jan. 25, 1978.

Appellants Motion for Rehearing
Denied Feb. 15, 1978.

Samuel Earl Williams, pro se.

## OPINION

Before TOM G. DAVIS, DALLY and
W. C. DAVIS, JJ.

TOM G. DAVIS, Judge.

This is an application for writ of habeas
corpus filed pursuant to Art. 11.07, V.A.C.
C.P.

On February 19, 1968, petitioner entered
eighteen pleas of guilty in the 179th Dis-
trict Court of Harris County, resulting in
judgments of conviction being entered in
eleven robbery cases, one attempted rob-
bery case, one assault to rob case, four
felony theft cases, and one burglary case.
On May 1, 1968, the trial court assessed
punishments in each of these cases, with all
sentences running concurrently, the maxi-
mum punishment assessed being a term of
fifty years in one of the robbery cases. No
appeals were taken from any of these con-
victions.

Petitioner filed an application for writ of
habeas corpus in the trial court, alleging
among other things that his pleas of guilty
to the above-mentioned cases had been ren-
dered involuntary because the State had
not honored its plea bargaining agreement;
that he was denied jury trials in some of
these cases; and that he was denied the
effective assistance of counsel. The trial
court, without an evidentiary hearing, en-
tered an order on June 13, 1975, which
reads as follows:

"The defendant appeared in person and
by counsel, and the application having
been heard by the Court, the Court is of
the opinion that said applications for

post-conviction writ of habeas corpus be granted, and that the defendant SAMUEL E. WILLIAMS, be entitled to a new trial in each of the above-styled and numbered causes."

Thereafter, the trial court entered orders granting new trials in thirteen of the cases, and the State filed motions for *nolle prosequi,* which were granted by the court. Petitioner then entered pleas of guilty to the five remaining cases, robbery by assault indictments in Cause No. 124509 and Cause Nos. 124511–124514, and the trial court assessed punishment at twenty-five years in each case, with the sentences running concurrently. No appeals were taken from these "new convictions." The trial court entered an order to the Texas Department of Corrections, instructing that institution to correct petitioner's sentences accordingly on June 16, 1975.

No evidentiary hearing was conducted and the trial court entered no specific findings of fact or conclusions of law pertaining to the merits of petitioner's contentions. There is nothing in the record before us which reflects that petitioner is entitled to the relief for which he prayed. See *Morrow v. State,* Tex.Cr.App., 481 S.W.2d 144; *Reed v. State,* Tex.Cr.App., 481 S.W.2d 814; *McDonald v. State,* Tex.Cr. App., 501 S.W.2d 111; *Garrison v. State,* Tex.Cr.App., 517 S.W.2d 553; *Abron v. State,* Tex.Cr.App., 531 S.W.2d 643.[1]

Further, the trial court was without authority to grant the new trials in a post-conviction habeas corpus case, as only the Texas Court of Criminal Appeals has such authority over a final felony conviction. See *Ex parte Friday,* Tex.Cr.App., 545 S.W.2d 182; *Ex parte Johnson,* 153 Tex. Cr.R. 619, 224 S.W.2d 240; *State ex rel. Wilson v. Briggs,* 171 Tex.Cr.R. 479, 351 S.W.2d 892; *Ex parte Young,* 418 S.W.2d 824.

1. Of course, this Court is not bound by the recommendations of the trial court. See *Ex parte Taylor,* 480 S.W.2d 693; *Ex parte Stauts,* 482 S.W.2d 638; *Ex parte Bazemore,* 430 S.W.2d 205.

Thus, the original eighteen judgments of conviction upon which sentences were pronounced on May 1, 1968, were never vacated and are still valid convictions.[2] See *Ex parte Friday,* supra. The trial court's order of June 16, 1975, directed to the Texas Department of Corrections is void and of no force and effect. The Clerk of this Court is directed to send a copy of this order to the Texas Department of Corrections.

The relief sought is denied.

2. Cause Nos. 116278, 123079, 124077, 124502, 124507, 124508, 124509, 124511–124515, 124517, 124520, and 124526–124531.