**Ex parte Karol Ray McATEE.**

No. 61838.

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1979.

Paul G. Johnson, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P.

Petitioner challenges the validity of his sentence upon a plea of guilty to the offense of robbery in Tarrant County Criminal District Court No. 3 in Cause No. 14655A. Petitioner was sentenced to 40 years, the second degree felony offense of robbery having been enhanced to a first degree felony by the allegation and proof of a prior marihuana conviction in Tarrant County Criminal District Court No. 1 in Cause No. 8408.

Petitioner asserts and the record shows without dispute that prior to said robbery conviction the marihuana conviction in Cause No. 8408 had been used successfully to enhance his punishment to life as a habitual criminal under V.T.C.A. Penal Code, Sec. 12.42(d).

■ Petitioner seeks invalidation of this 40-year sentence based upon the long-standing rule in this State that a felony conviction may not be used to again enhance punishment after it has been successfully used for enhancement to life imprisonment under Sec. 12.42(d), supra. The unbroken line of authority in Texas supports petitioner's contention. *Ex parte Montgomery*, Tex.Cr.App., 571 S.W.2d 182; *Ex parte Friday*, Tex.Cr.App., 545 S.W.2d 182; *Carvajal v. State*, Tex.Cr.App., 529 S.W.2d 517; *Mayo v. State*, 166 Tex.Cr.R. 470, 314 S.W.2d 834; *Mooring v. State*, 158 Tex. Cr.R. 434, 256 S.W.2d 97; *Hill v. State*, 158 Tex.Cr.R. 313, 256 S.W.2d 93; *Brown v.*

*State*, 150 Tex.Cr.R. 386, 196 S.W.2d 819; and *Kinney v. State*, 45 Tex.Cr.R. 500, 79 S.W. 570.

■ The State insists that said long-standing rule has been based upon the erroneous premise in *Kinney v. State*, supra, that to permit use of the same offense twice to enhance punishment would be violative of the principle of former jeopardy, and that the holdings in the above-cited decisions should be expressly overruled as advocated by the concurring opinion in *Shivers v. State*, Tex.Cr.App., 574 S.W.2d 147. This same argument was carefully considered, ably analyzed, and overruled in *Carvajal v. State*, supra, as follows:

The State contends that the failure of the Legislature to prohibit the repeated use of the same prior convictions to enhance punishment manifests an intent that *Kinney* and its progeny be abandoned. It strikes us that the omission of any significant additional or different language in Sec. 12.42(d) cuts quite the other way. The Legislature was aware of the venerable *Kinney* rule, now seventy years old. The Legislature's silence on the question of multiple use for enhancement purposes of prior convictions must evidence a lack of dissatisfaction with established judicial construction of the statutes. A comparison of V.T.C.A. Penal Code, Sec. 1.05(a), and the old Art. 7 does not dissuade us from the soundness of this conclusion.

For the sound reasons stated in *Carvajal* we need not further analyze possible implications of the recently declared principle of jeopardy in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187, that the double jeopardy provision protects against multiple *punishment* as well as multiple prosecutions. This is true because before consideration of jeopardy implications of a statute a court must have first determined that there was Legislative intent to permit or impose a possible double punishment. *Simpson v. U. S.*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70.

■ Furthermore, it should be noted that the robbery for which petitioner was convicted and assessed enhanced punishment

herein was allegedly committed on August 29, 1978, before this Court or any Judge thereon ever indicated even a tendency toward the overruling of this long-standing construction of the enhancement statutes. To apply such new and unexpected judicial construction to Sec. 12.42(d), supra, against petitioner would deny to petitioner due process of law. Such is made manifest by the decisions of the Supreme Court of the United States in *Marks v. U. S.*, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260, and *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894, which hold as follows:

The Ex Post Facto Clause is a limitation upon the powers of the legislature, see *Calder v. Bull*, 3 Dall. 386, 1 L.Ed. 648 (1798), and does not of its own force apply to the Judicial Branch of government. *Frank v. Mangum*, 237 U.S. 309, 344, 35 S.Ct. 582, 593, 59 L.Ed. 969 (1915). But the principle on which the Clause is based—the notion that persons have a right to fair warning of that conduct which will give rise to criminal penalties—is fundamental to our concept of constitutional liberty. See *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954); *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939). As such, that right is protected against judicial action by the Due Process Clause of the Fifth Amendment. . . .
*Marks v. United States*, 430 U.S. 188, at 191–192, 97 S.Ct. 990, at 992–993, 51 L.Ed.2d 260.

. . ., an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an *ex post facto* law, such as Art. I, Sec. 10, of the Constitution forbids. . . . If a state legislature is barred by the *Ex Post Facto* Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process

Clause from achieving precisely the same result by judicial construction. . . . *Bouie v. City of Columbia*, 378 U.S. 347, at 353, 84 S.Ct. 1697, at 1702, 12 L.Ed.2d 894.

For the reasons stated we hold that petitioner's 40-year sentence in Cause No. 14655A (our Appeal No. 61,838) is excessive; however, since the court assessed the punishment, said conviction is remanded to the trial court for assessment of punishment within the range of a second degree felony.[1]

DALLY, Judge, dissenting.

I dissent for the reasons stated in my concurring opinion in *Shivers v. State*, 574 S.W.2d 147 (Tex.Cr.App.1978).

DOUGLAS and W. C. DAVIS, JJ., join in this dissent.

1. The rule regarding the use of prior convictions has been changed by the 66th Legislature, which added Section 12.46 to the Penal Code. That section reads:

   The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes.

Acts 1979, 66th Leg., ch. 459, p. 1027, eff. June 7, 1979.