George LEATHERWOOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 59782.

Court of Criminal Appeals of Texas, Panel No. 2.

July 22, 1981.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty. and Maridell Templeton, Les Eubanks & Sue Lagarde, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for the offense of theft of property valued at over two hundred dollars. The punishment, enhanced by two prior felony convictions, is imprisonment for life.

The appellant in his pro se brief argues that the two prior felony convictions used to enhance his punishment had already been successfully used to enhance an earlier conviction. We agree and reverse.

The indictment in the case at bar alleged that the appellant had been convicted of the offense of burglary in Cause No. 73546 of the Criminal District Court No. 2 of Tarrant County, Texas and the offense of burglary in Cause No. 7139–JI of the Criminal District Court No. 2 of Dallas County, Texas. The indictment was filed on October 24, 1977 and the verdict was returned on April 5, 1978.

We take judicial notice that in Cause No. 7370 of Palo Pinto County, the appellant was convicted of the offense of burglary and his punishment was enhanced to life by the same two convictions used to enhance

the appellant's punishment in the present case. The indictment in Cause No. 7370 was filed on February 2, 1977 and the verdict returned on October 28, 1977. On October 24, 1979, this Court in a per curiam opinion in *Leatherwood v. State*, 588 S.W.2d 393 affirmed the conviction from Palo Pinto County. Thus, it is obvious that the felony convictions used to enhance the punishment in the case at bar had already been successfully used to enhance an earlier offense.

Until the recent enactment of V.T.C.A. Penal Code, Sec. 12.46,[1] the long-standing rule was that the State could not use a felony conviction again to enhance punishment after it had already been successfully used to enhance punishment. *Ex Parte McAtee*, 586 S.W.2d 548 (Tex.Cr.App.1979); *Ex Parte Montgomery v. State*, 571 S.W.2d 182 (Tex.Cr.App.1978). The conviction, here, was obtained prior to the date on which Sec. 12.46, supra, became effective and, therefore, the State erred in using the two prior convictions for enhancement purposes. The jury assessed punishment.

The judgment is reversed and the cause remanded.

DALLY, J., dissents.

---

1. Section 12.46, which became effective June 7, 1979, provides,

   "The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes."