**Ex parte Alfred Jay JOHNSON, Appellant.**

**No. 69073.**

Court of Criminal Appeals of Texas, En Banc.

May 18, 1983.

Rehearing Denied July 6, 1983.

Alfred Jay Johnson, pro se.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding brought under the provisions of Article 11.07, V.A.C.C.P.

Appellant filed a pro se application for writ of habeas corpus in the trial court. No evidentiary hearing was held. The trial judge found no controverted, previously unresolved facts material to the legality of applicant's confinement and recommended to this court that relief be denied. The record was forwarded to this court.

Applicant contends he is illegally confined in the Department of Corrections by virtue of a conviction for forgery by passing in Cause No. 298,435 in the 208th District Court of Harris County, that at the time of his conviction on February 22, 1980,

the trial court was without jurisdiction over the cause as he had been previously convicted of the same offense and that conviction was pending in the Court of Criminal Appeals.

On April 17, 1978, applicant was indicted for forgery by passing in Cause No. 278,097 in Harris County in the 230th District Court. Trial was had upon this indictment on October 2 and 3, 1978. Following the jury's guilty verdict, punishment was assessed by the court at seven (7) years' imprisonment. On October 20, 1978, sentence was imposed and notice of appeal was given. The record was ordered transferred to the Court of Criminal Appeals on July 19, 1979. It was received by this court and filed on August 28, 1979 and given our Cause No. 62,428.

On July 9, 1979, applicant was re-indicted for the same forgery by passing offense in Cause No. 298,435 in the said 208th District Court.[1] Two prior felony convictions were alleged for enhancement of punishment. This was 10 days prior to the order in Cause No. 278,097 transferring the appellate record.

While the first conviction was pending appeal in this court, it appears that appellant filed in the trial court in Cause No. 278,097 an "Original Out of Time Motion for New Trial" on October 12, 1979. On the same date the motion was granted. The State then moved to dismiss the indictment in Cause No. 278,097 and it was dismissed. A supplemental transcript was forwarded to this court.

The enhancement paragraphs of the indictment in Cause No. 298,435 were abandoned by the State, and on February 22, 1980, the applicant entered a plea of guilty before the court to forgery by passing charged in Cause No. 298,435. Punishment was assessed at three years' imprisonment. Sentence was pronounced on the same date. No appeal was taken.

On June 9, 1982, a panel of this court reversed appellant's first conviction in our Cause No. 62,428 (Trial Court No. 278,097)

in an unpublished per curiam opinion. The basis of the reversal was a fundamentally defective indictment. *McFarland v. State,* 605 S.W.2d 904 (Tex.Cr.App.1980).

There can be no question that at the time of appellant's second conviction in the trial court his first conviction for the same offense, though not final, was pending on appeal in the Court of Criminal Appeals.

Article 44.11, V.A.C.C.P., 1965, in effect at the time of the transfer of the appellate record, provided in part:

"Upon the appellate record being filed in the Court of Criminal Appeals, *all further proceedings* in the trial court, except as to bond as provided in Article 44.04 and the proceedings in Article 40.09, *shall be suspended and arrested until the judgment of the Court of Criminal Appeals is received by the trial court . . . .*" (Emphasis supplied.)

 Obviously the trial court was without jurisdiction to grant a new trial and dismiss the indictment in Cause No. 278,097 after the appellate record had been filed in this court. See *Ex parte Ybarra,* 629 S.W.2d 943 (Tex.Cr.App.1982); *Page v. State,* 532 S.W.2d 341 (footnote # 1) (Tex. Cr.App.1976); *Montes v. State,* 503 S.W.2d 241 (Tex.Cr.App.1974); *Carrillo v. State,* 480 S.W.2d 612 (Tex.1972).

Whether the court sua sponte granted a new trial or whether it took such action upon the motion or request of the applicant would not call for a different result. Cf. *Wilson v. State,* 562 S.W.2d 477 (Tex.Cr. App.1978). The court was simply without jurisdiction. The attempt to re-try the appellant upon a new indictment, while there was an outstanding conviction for the same offense on appeal, was a nullity. Once this court has acquired jurisdiction, it is only by judgment of this court that jurisdiction is restored to the district court. *State ex rel. Vance v. Hatten,* 508 S.W.2d 625 (Tex.Cr. App.1974).

It of necessity follows that the second conviction of the applicant in Cause No.

---

1. This indictment reflects it was a re-indict- ment of Cause No. 278,097.

298,435 must be set aside. See *Ybarra v. State,* supra.

 The relief prayed for by the applicant is granted.[2] The Clerk of the court will furnish the Department of Corrections a copy of this opinion.

McCORMICK, Judge, dissenting.

As noted by the majority, applicant's original conviction in Cause Number 278,-097 was reversed because of fundamental error in the indictment. The Court then concludes that since the fundamentally defective indictment case was pending on appeal in this Court, the trial court's action on the new indictment was a nullity.

"Once this court has acquired jurisdiction, it is only by judgment of this court that jurisdiction is restored to the district court," opines the majority. But, how can this Court restore jurisdiction which this Court held did not exist? In reversing Cause Number 278,097, the Court held that the trial court was without jurisdiction due to a fundamental defect in the indictment, and dismissed the prosecution. Today the majority concludes that even though the trial court never had jurisdiction in Cause Number 278,097 and even though the trial court's action in Cause Number 278,097 was null and void, the trial court was without jurisdiction to act in Cause Number 298,435 because of the "outstanding conviction."

Such an illogical conclusion points again to the need of this Court to re-examine its position with regard to fundamentally defective indictments. That position is expressed in Judge Odom's concurring opinion in *Ex parte Cannon,* 546 S.W.2d 266 (Tex. Cr.App.1977). There a general review of rules governing the power of courts to act, and the necessity for proper invocation of "jurisdiction" is found. Judge Odom said:

2. Even if the first conviction had been a final conviction, rather than pending on appeal, the trial court would still have been without jurisdiction to take the action it did. It has been consistently held that the trial court is without authority to grant a new trial in a felony case after a conviction becomes final as only the Court of Criminal Appeals has such authority.

"All jurisdictional requirements must be satisfied or the court's action, other than dismissal, is void. 'There are three facts that seem to be absolutely necessary to the jurisdiction of the court or as jurisdictional questions:

First, the court must have jurisdiction of the person; second, of the subject-matter; and, third, to render the particular judgment rendered. *Otherwise, the prosecution will be void, as also the judgment.'* (Emphasis added) *Emery v. State, supra.* 'If the court has no jurisdiction, it should proceed no further with the case other than to dismiss it for want of power to hear and determine the controversy. *In such a case, any order or decree entered, other than one of dismissal, is void.'* (Emphasis added)."

Although this is not the proper case in which to re-examine the rule that the absence of *any* element of the offense from an indictment fails to invoke the trial court's jurisdiction, it does dramatically point up such need. As Oliver Wendall Holmes said, "It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind limitation of the past." *Holmes, The Path of the Law,* 10 Harv.L.Rev. 457, 468 (1897). So it is with the archaic rules of pleading this Court continues to follow.

I dissent.

CAMPBELL, J., joins in this dissent.

See Article 11.07, V.A.C.C.P. *Wilson v. State,* supra; *Ex parte Williams,* 561 S.W.2d 1 (Tex. Cr.App.1978); *Ex parte Friday,* 545 S.W.2d 182, 183 (Tex.Cr.App.1977); *State ex rel. Wilson v. Briggs,* 171 Tex.Cr.R. 479, 351 S.W.2d 892 (1961); *Ex parte Johnson,* 153 Tex.Cr.R. 619, 224 S.W.2d 240 (1949).