**Mark Houston KOLBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–81–01326–CR to 05–81–01328–CR.**

Court of Appeals of Texas, Dallas.

July 15, 1983.

Robert Rose, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., for appellee.

Before AKIN, WHITHAM and MALONEY, JJ.

PER CURIAM.

Mark Houston Kolbert appeals his convictions for aggravated robbery in three cases. Trial was before a jury on his plea of guilty in each case. Punishment was assessed at confinement for a term of twenty (20) years. Appellant contends (1) that the trial court did not have authority to grant new trials in, or jurisdiction to retry, two of the cases and (2) that he was harmed in the

trial of the third indictment because evidence of the other two cases was introduced. We affirm the conviction in No. 05–81–01326. The appeals in Nos. 05–81–01327 and 05–81–01328 are dismissed.

The procedural history of this case is unusual. Appellant was indicted for two aggravated robberies in January of 1981. (Nos. 05–81–01327 & 05–81–01328). These cases were tried together on March 6, 1981. A jury found appellant guilty on his pleas of guilty and assessed a punishment in each case at fifteen (15) years confinement. Notice of appeal was given. Briefs were submitted by appellant on July 31, 1981. The State responded by brief filed August 31, 1981. On September 29, 1981, the trial court granted appellant a new trial in No. 05–81–01328–CR and on October 9, 1981, granted a new trial in No. 05–81–01327–CR, apparently under the authority of section 12 of Article 40.09 of the Texas Code of Criminal Procedure as it existed prior to the 1981 revisions.[1] However, these two cases were also submitted for appellate review, and on December 14, 1982, this court affirmed the convictions which are the bases of Nos. 05–81–01327–CR and 05–81–01328–CR. (Previous appeal nos. 05–81–00837–CR and 05–82–01014–CR, respectively).

Subsequent to the return of the indictments in January, 1981, another indictment for aggravated robbery was returned. (No. 05–81–01326–CR). On November 9, 1981, a trial was held on this indictment together with the two cases in which the trial court had granted new trials. Appellant was found guilty on his pleas of guilty. The jury assessed punishment in each case at twenty (20) years confinement.

■ Appellant contends that the trial court was without authority to grant new trials in the first two cases after September

1. Tex.Code Crim.Proc.Ann. art. 40.09, § 12 (Vernon 1979) (amended 1981 eff. 9/1/81), provided:

12. Trial court's duty
It shall be the duty of the trial court to decide from the briefs and oral arguments, if any, whether the defendant should be granted a new trial by the trial court. This duty shall

be performed within the period of thirty days immediately after the state's brief is filed, or, if none be filed, then within the period of thirty days immediately after the last day on which the state's brief could be timely filed. Omission of the court to perform this duty within such period shall constitute refusal of the court to grant a new trial to defendant.

1, 1981, and therefore, the trial court did not have jurisdiction to re-try those cases which were on appeal. We agree. Prior to September 1, 1981, a trial court retained jurisdiction of a case for 30 days after the State's brief was filed and during that time the trial court could grant a new trial.[2] However, amendments to the Code of Criminal Procedure, effective September 1, 1981, removed jurisdiction from the trial court once notice of appeal has been given.[3] In this instance, the trial court lost jurisdiction of the two cases on appeal as of September 1, 1981, making any grant of a new trial after that date a nullity. *Ex parte Johnson,* 652 S.W.2d 401 (Tex.Cr.App.1983) *(en banc).* Therefore, the second trial was on the third indictment only.

Appellant argues that he was harmed in the trial on the third indictment because evidence of the other cases was improperly introduced. He contends that this evidence contributed to the fact that he received a greater punishment during the second trial than during the first. Appellant agreed that all three cases could be tried together, and the record does not reflect that the lack of jurisdiction was brought to the attention of the trial court. Appellant did not object to the evidence introduced concerning the first two cases. Failure to object waives any error in the admission of evidence tending to show an extraneous offense. *Smith v. State,* 595 S.W.2d 120 (Tex.Cr.App.1980); *see also Von Byrd v. State,* 569 S.W.2d 883 (Tex.Cr.App. 1978), *cert. denied* 441 U.S. 967, 99 S.Ct. 2418, 60 L.Ed.2d 1073 (1979). Consequently, nothing is presented for review by this ground of error. Furthermore, the charge of the trial court in each case instructed the jury that the jury could not consider facts introduced in the other cases in its determination of punishment. Appellant has not shown that the jury violated this instruction. We must, therefore, presume that the jury followed the instructions of the trial court in setting punishment. *Ainsworth v. State,* 517 S.W.2d 274 (Tex.Cr.App.1975).

Appellant's ground of error is overruled. The judgment in No. 05–81–01326–CR is affirmed. The appeals in Nos. 05–81–01327–CR and 05–81–01328–CR are dismissed since the attempt to re-try appellant on the indictments on appeal was a nullity.

2. *Id.*

3. *See, e.g.,* Tex.Code Crim.Proc.Ann. art. 40.09, §§ 8, 9, 10 (Supp.1982–1983).