Willie SMITH

v.

James A. LYNAUGH.

No. 01–90–00010–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 21, 1990.

Willie Smith, pro se.

James L. Turner, Asst. Dist. Atty., for James Lynaugh.

Before COHEN, MIRABAL and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from a judgment dismissing appellant's "civil" action with prejudice.

---

1. Ch. 21, § 1, 1949 Tex.Gen.Laws 17, 17–19, *repealed by*, ch. 347, §§ 6 & 7, 1977 Tex.Gen.Laws

We dismiss the appeal for want of jurisdiction.

Appellant filed an "Application for Writ of Habeas Corpus," naming James A. Lynaugh, Director of the Texas Department of Corrections, as the respondent. The petition stated that appellant was: (1) filing the petition in his own behalf; (2) illegally restrained of his liberty; and (3) confined pursuant to a judgment and sentence of the 23rd District Court of Brazoria County. Appellant asserts he was denied due process by having a single hearing officer, a captain within the penal institution, determine that his good time credits and "class I" status should be forfeited. Appellant prayed that his class I status and good time credits be restored, and that a hearing be set to allow him to show how he was harmed in his academic programs and in having his parole denied. The pleading stated, under penalty of perjury, the allegations were true and correct. It was signed, but not notarized.

Appellant repeatedly asserts that he filed an application for writ of habeas corpus, pursuant to Tex.Code Crim.P.Ann. art. 11.-07 (Vernon 1977 & Supp.1990). We accept this statement as true. This is an attempt to appeal the trial court's orders in that case. Under former Tex.Rev.Civ.Stat.Ann. art. 6184*l*,[1] which presumably applies to appellant because he alleges his crime was committed on January 6, 1977, and he was convicted on August 18, 1977, the relief he seeks is available under article 11.07. *Ex parte Newell*, 582 S.W.2d 835, 836 (Tex. Crim.App.1979).

We also accept as true appellant's allegations that his underlying conviction was affirmed by the Court of Criminal Appeals, and is final. A trial court does not have jurisdiction to grant relief as a result of an application for a post-conviction writ of habeas corpus, as only the Court of Criminal Appeals may grant such relief. *Ex parte Williams*, 561 S.W.2d 1, 2 (Tex. Crim.App. [Panel Op.] 1978); *Ex parte Friday*, 545 S.W.2d 182, 183 (Tex.Crim.App.

925, 934.

1977). Although the application for the writ is to be filed in the trial court in which the conviction was obtained, it must be made returnable to the Court of Criminal Appeals. *See Ex parte Brown*, 662 S.W.2d 3, 4 (Tex.Crim.App.1983); Tex.Code Crim.P. Ann. art. 11.07, § 2(a) (Vernon Supp.1990). The role of the trial court is to resolve contested fact issues, if any, that are material to an applicant's confinement. Tex. Code Crim.P.Ann. art. 11.07, § 2(c) & (d) (Vernon Supp.1990); *see also Ex parte Young*, 418 S.W.2d 824, 829–30 (Tex.Crim. App.1967).

▪ In our case, appellant filed the application in the 23rd District Court of Brazoria County, to be ruled upon by the district judge. Appellant now seeks to appeal the ruling of the trial court to this Court. The procedure outlined in article 11.07, § 2, is the exclusive felony post-conviction remedy in courts of this State. *Ex parte Brown*, 662 S.W.2d at 4. Accordingly, this Court has no jurisdiction, and our only response is to dismiss.

The cause is dismissed for want of jurisdiction.