**John Wayne RUNNELS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–90–213 CR.

Court of Appeals of Texas,
Beaumont.

Jan. 31, 1991.

Jeff Harmon, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, for State.

### ORDER

PER CURIAM.

Appellant was convicted of the offense of murder and sentenced to forty years imprisonment on September 29, 1989. No notice of appeal was filed. On May 29, 1990, Appellant filed a Motion For Out of Time Appeal in the trial court. The motion alleged that Appellant had informed his trial counsel that he wished to appeal, but that counsel had failed to perfect appeal. The trial court treated the motion as a petition for the writ of habeas corpus. The State responded that a recommendation to grant an out of time appeal was warranted. The trial court found that no unresolved issue of fact remained which was material to the legality of [Runnels'] confinement. The court then found that Appellant's trial counsel had failed to advise him of his right to appeal and that counsel also failed to give notice of appeal as Appellant had requested. The court appointed new counsel and recommended that Appellant be granted an out of time appeal.

The trial court ordered the clerk to send the record of these proceedings and its findings to this Court. The Clerk of this Court has received these records. Since this is a post conviction habeas corpus proceeding, these records should have been sent to the Court of Criminal Appeals rather than to this Court. TEX.CODE CRIM.PROC.ANN. art. 11.07, § 2(c) (Vernon Supp.1990). This Court has no jurisdiction to hear a post conviction petition for the writ of habeas corpus in felony cases. TEX.CODE CRIM.PROC.ANN. art. 11.07 (Vernon Supp.1990). See also *Ex parte Williams*, 561 S.W.2d 1 (Tex.Crim.App. 1978). Therefore, the petition for the writ of habeas corpus is dismissed. However, we would add that this restriction on intermediate Courts of Appeals' jurisdiction seems unnecessary and not in the furtherance of judicial economy. We would invite the Legislature to consider amending article 11.07 so as to allow initial review in post conviction habeas corpus cases by the Courts of Appeals.

PETITION DISMISSED.