NO. 07-04-0400-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 30, 2005



______________________________



ROY BOSWELL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


 _________________________________



FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;



NO. 241-1410-00; HONORABLE CYNTHIA STEVENS KENT, JUDGE


_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellant Roy Lee Boswell appeals from an order revoking his community
supervision and sentencing him to eight years confinement in the Texas Department of
Criminal Justice Institutional Division and a fine. The certification of appeal executed by
the trial court does not disclose that he has a right to appeal from the order; rather it states
that he waived same. By letter dated June 9, 2005, this court notified appellant of this
circumstance and that the appeal was subject to dismissal. The court also requested that
he supply us with an amended certification illustrating that he has a right to appeal from the
order or inform us why we should continue the appeal. This was to be done by June 24,
2005. That deadline lapsed and we received neither a response nor amended certification. 
Thus, we dismiss this appeal. See Tex. R. App. P. 25.2(d) (requiring that the appeal be
dismissed if a certification showing that the defendant has a right to appeal has not been
made part of the record). 

 Accordingly, this appeal is dismissed. 


 James T. Campbell

 Justice



Do not publish. 



1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.


iction do so by petitioning the Texas Court of
Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon 2005). Different
procedures cannot be created by the individual seeking relief. Nor can the rules applicable
to appealing civil matters be invoked as a means of attacking a criminal conviction. 

 So, because appellant attempted to attack a final felony conviction and did so
through filing a "petition" with the local district court rather than the Court of Criminal
Appeals, the district court had no jurisdiction over the matter. Nor does this court have
jurisdiction to entertain appellant's effort to avoid his final felony conviction. Runnels v.
State, 804 S.W.2d 278 (Tex. App.-Beaumont 1991, no pet.). In short, the Texas
Legislature created the relevant procedure, and it must be followed.

 Accordingly, we grant the State's motion to dismiss and affirm the trial court's
judgment wherein it found it lacked jurisdiction.


 Per Curiam

Do not publish.