NO. 07-05-0398-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 6, 2006


______________________________



TERRY WAYNE STEWART,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

 _________________________________



FROM THE 251st DISTRICT COURT OF POTTER COUNTY;



NO. 33,132-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________





On Motion to Dismiss


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 We vacate our previous order of abatement and reinstate the appeal.

 Pending before the court is the State's motion to dismiss appellant's appeal from
an order denying his "Petition for Bill of Review." Through that document, appellant attacks
his final felony conviction, contending that the judgment was void. Statute provides that
one seeking relief from a final felony conviction do so by petitioning the Texas Court of
Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon 2005). Different
procedures cannot be created by the individual seeking relief. Nor can the rules applicable
to appealing civil matters be invoked as a means of attacking a criminal conviction. 

 So, because appellant attempted to attack a final felony conviction and did so
through filing a "petition" with the local district court rather than the Court of Criminal
Appeals, the district court had no jurisdiction over the matter. Nor does this court have
jurisdiction to entertain appellant's effort to avoid his final felony conviction. Runnels v.
State, 804 S.W.2d 278 (Tex. App.-Beaumont 1991, no pet.). In short, the Texas
Legislature created the relevant procedure, and it must be followed.

 Accordingly, we grant the State's motion to dismiss and affirm the trial court's
judgment wherein it found it lacked jurisdiction.


 Per Curiam

Do not publish.






 



e revocation hearing. This ultimately resulted in the trial
court granting the State’s motion, revoking appellant’s community supervision, and
sentencing him to five years imprisonment. 
          Through one issue, appellant argues that the trial court denied him due process
because it predetermined the sentence without considering the alleged mitigation evidence
he proffered or alternatives to revocation. We overrule the issue because appellant failed
to raise it below. Such was and is required of one desiring to complain on appeal about
the punishment assessed or the trial court’s purported failure to consider evidence. Cole
v. State, 931 S.W.2d 578, 579-80 (Tex. App.–Dallas 1995, pet ref’d); accord Brumit v.
State, No. 07-03-0462-CR, 2004 Tex. App. Lexis 10893 at *4-5 (Tex. App.–Amarillo
December 2, 2004), aff’d on other grounds, 206 S.W.3d 639 (Tex. Crim. App. 2006) (not
designated for publication) (so concluding); see also Hull v. State, 67 S.W.3d 215, 217-18
(Tex. Crim. App. 2002) (acknowledging that one must object before the trial court to
preserve complaints about the trial court predetermining the decision to revoke probation).
          We further note that absent a clear showing of bias, a trial court’s actions will be
presumed correct. Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Here,
we have no such “clear showing of bias.” That the trial court did not do what appellant
wanted or what his probation officer recommended, without more, falls short of proving
bias. This is so because that court (not appellant or the probation officer) has the
discretion to decide whether to grant or deny a motion to revoke community supervision,
Hart v. State, 264 S.W.3d 364, 372 (Tex. App.–Eastland 2008, pet. ref’d), and that
discretion is “substantially absolute.” Flournoy v. State, 589 S.W.2d 705, 708 (Tex. Crim.
App. 1979); accord Hernandez v. State, No. 07-04-0372-CR, 2005 Tex. App. Lexis 9221
at *3 (Tex. App.–Amarillo November 4, 2005, no pet.) (not designated for publication) (so
concluding). More importantly, the trial judge here revoked appellant’s supervision and
levied sentence after stating that his decision was “based upon [appellant’s] plea of true
and the testimony I’ve [heard]. . . .” That, at the very least, suggests it considered what
was tendered by all involved, including appellant. Finally, due process does not require a
court to indicate on the record that it considered alternatives to revocation. Atchison v.
State, 124 S.W.3d 755, 759 (Tex. App.–Austin 2003, pet. ref’d), citing Black v. Romano,
471 U.S. 606, 616, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). Simply put, we see no “clear
showing of bias” in the record before us. 
          Accordingly, we overrule appellant’s issue and affirm the judgment. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.