NO. 07-05-0398-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 6, 2006

_____

TERRY WAYNE STEWART,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251st DISTRICT COURT OF POTTER COUNTY;

NO. 33,132-C; HON. PATRICK PIRTLE, PRESIDING

_____

*On Motion to Dismiss*

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

We vacate our previous order of abatement and reinstate the appeal.

Pending before the court is the State's motion to dismiss appellant's appeal from an order denying his "Petition for Bill of Review." Through that document, appellant attacks his final felony conviction, contending that the judgment was void. Statute provides that one seeking relief from a final felony conviction do so by petitioning the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (Vernon 2005). Different

procedures cannot be created by the individual seeking relief. Nor can the rules applicable to appealing civil matters be invoked as a means of attacking a criminal conviction.

So, because appellant attempted to attack a final felony conviction and did so through filing a "petition" with the local district court rather than the Court of Criminal Appeals, the district court had no jurisdiction over the matter. Nor does this court have jurisdiction to entertain appellant's effort to avoid his final felony conviction. *Runnels v. State*, 804 S.W.2d 278 (Tex. App.–Beaumont 1991, no pet.). In short, the Texas Legislature created the relevant procedure, and it must be followed.

Accordingly, we grant the State's motion to dismiss and affirm the trial court's judgment wherein it found it lacked jurisdiction.

Per Curiam

Do not publish.