

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-13-0077-CR
_____

Ex parte Jorita Hagins, Relator

Original Proceeding

March 27, 2013

ON PETITION FOR WRIT OF MANDAMUS

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before the court is a document filed by relator Jorita Hagins, *pro se*, entitled "Motion For Release of Appellant [Hagins][,] Correction of Documents and or Class Action Civil Suite [sic]." Furthermore, she states the motion is filed pursuant to article 11.07 of the Texas Code of Criminal Procedure. In said motion, Hagins seeks a writ of habeas corpus seeking release from mandatory supervision (parole) as her time received upon her conviction was completed in 2004. However, according to Hagins,

the "Mandatory Supervision Parole Certificate" shows the discharge date has been altered and "2024" was written in the place of 2004.[1] We dismiss the petition.

Hagins is not appealing from an order denying her habeas relief. Instead, she initiated an original proceeding with us, citing art. 11.07 of the Texas Code of Criminal Procedure as authority to do so. However, we have no jurisdiction over art. 11.07 proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *see Runnels v. State,* 804 S.W.2d 278 (Tex. App.–Beaumont 1991, no pet.); *see also Watson v. State,* 96 S.W.3d 497, 500 (Tex. App.–Amarillo 2002, pet. ref'd) (holding that courts of appeal lack the authority to issue original writs of habeas corpus in other than certain civil matters); *see also* TEX. GOV'T CODE ANN. § 22.221 (West 2004) (providing the authority to issue certain writs).

Accordingly, the petition is dismissed for want of jurisdiction.


Per Curiam

---

[1]Hagins also claims that this court failed to issue mandate in her direct appeal in cause number 07-84-0303-CR. However, we note that mandate was issued in her appeal on December 28, 1987.