**Opinion issued April 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-16-00017-CR**

————————————

**CHARLES RAY FOSTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1439225**

---

**MEMORANDUM OPINION**

On February 3, 2015, after appellant, Charles Ray Foster, pleaded guilty to

felony possession of a controlled substance, the trial court assessed his punishment

at ten years' confinement, in accordance with his plea bargain with the State. The

trial court certified that this was a plea-bargain case and that appellant had no right of appeal. This underlying judgment was not appealed and became final.

On December 4, 2015, appellant, proceeding *pro se* and incarcerated, filed a post-conviction motion with the trial court styled as "Defendant's Motion Requesting A Due Process Review of Reducing His Illegal Sentence Tex. Const. Art. 1, §29." The trial court summarily denied appellant's motion on December 7, 2015, by handwriting "Denied" on his cover letter, without signing a separate order. On December 8, 2015, the trial clerk issued a separate memorandum response to appellant informing him that the trial court had denied his motion.

On December 28, 2015, appellant timely filed a notice of appeal, attempting to appeal from the denial order. After appellant filed a *pro se* appellant's brief, the State filed a motion to dismiss the appeal, contending that we lack jurisdiction. Appellant filed a *pro se* "Appellant's Motion to Proceed on This Appeal," which we construe as his opposition to the motion. We agree with the State, grant its motion, and dismiss the appeal for lack of jurisdiction.

There is no constitutional right to appellate review of criminal convictions. *See Phynes v. State*, 828 S.W.2d 1, 20 (Tex. Crim. App. 1992). The right to appeal in criminal cases is conferred by the legislature, and a party may appeal only from judgments of conviction or interlocutory orders authorized as appealable. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2);

2

*see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). We do not generally have jurisdiction over proceedings involving a collateral attack of a final felony conviction because such proceedings are governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2015) (stating that, "[a]fter [a felony] conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings.").

In this case, appellant is not appealing from a judgment of conviction or appealable interlocutory order. Instead, appellant's motion in the trial court collaterally attacks the merits of his felony conviction by requesting that the trial court reduce his sentence from ten years in prison to two years' imprisonment in a state jail because he claims he was denied the effective assistance of counsel. However, an article 11.07 writ of habeas corpus is the exclusive means to accomplish appellant's objective in a collateral proceeding. Although such a felony habeas application must be filed with the trial court, the writ, which issues by operation of law, "must be made be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas." TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West Supp.

3

2015).  Thus, this Court has no jurisdiction over an appeal from a ruling of the trial court on a collateral attack of a final post-conviction felony proceeding.  *See In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("[O]nly the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings."); *Smith v. Lynaugh*, 792 S.W.2d 110, 112 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (holding that this Court lacks jurisdiction over appeal from trial court's ruling on post-conviction collateral attack).

## CONCLUSION

Accordingly, we **grant** the State's motion to dismiss, and **dismiss** this appeal for want of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).  We dismiss all other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).