DENIED and Opinion Filed October 5, 2022



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-01009-CV**
_____

**IN RE WILLIAM SEDRIC AUTREY, Relator**

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-81194-10**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Molberg

After a bench trial in 2014, relator was convicted on four counts of engaging in organized criminal activity and given four consecutive life sentences. Although relator appealed his convictions, we dismissed the appeal at relator's request. *See Autrey v. State*, No. 05-14-01381-CR, 2015 WL 5883730, at *1 (Tex. App.—Dallas Oct. 8, 2015, no pet.) (per curiam) (mem. op., not designated for publication).

On September 28, 2022, relator filed a petition for writ of mandamus in this Court, arguing that the trial court improperly cumulated his sentences. Relator argues that "on or about March/April 2022," he submitted a "Nunc Pro Tunc Motion" in the trial court requesting relief from the "improper cumulation order" but

the trial court has ignored his motion. Relator requests this Court to order the trial court to delete the "cumulation order" and make all sentences run concurrently.

A petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The certification must state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Here, relator included an unsworn declaration that he "declare[s] under penalty of perjury that the foregoing is true and correct." Relator's declaration does not indicate that the statements in the petition are supported by competent evidence included in the appendix or record. Thus, it does not meet rule 52.3(j)'s requirements. *See In re Phillips*, Nos. 05-21-01068-CV, 05-21-01069-CV, 05-21-01070-CV, 2022 WL 278240, at *1 (Tex. App.—Dallas Jan. 31, 2022, orig. proceeding) (mem. op.); *In re Robertson-El*, No. 05-21-01067-CV, 2022 WL 131046, at *1 (Tex. App.—Dallas Jan. 14, 2022, orig. proceeding) (mem. op.).

Even if this deficiency did not exist, relator has not demonstrated entitlement to mandamus relief. To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding).

Relator asks this Court to compel the trial court to delete the "cumulation order" and make all sentences run concurrently. Although we have the power to compel a trial court to rule on a pending motion, we may not direct the trial court on how to rule on a motion. *See In re Green*, No. 12-18-00227-CV, 2018 WL 4001783, at \*1 (Tex. App.—Tyler Aug. 22, 2018, orig. proceeding) (mem. op.); *In re Charles*, No. 14-18-00343-CR, 2018 WL 2248276, at \*2 (Tex. App.—Houston [14th Dist.] May 17, 2018, orig. proceeding) (mem. op., not designated for publication).

To the extent relator's petition could be construed as a request to compel the trial court to rule on the "Nunc Pro Tunc Motion," relator must show the trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *In re Guzman*, No. 05-16-01109-CV, 2016 WL 5404625, at \*1 (Tex. App.—Dallas Sept. 28, 2016, orig. proceeding) (mem. op.). A nunc pro tunc motion is intended to correct a clerical error in a judgment, and it may not be used to correct judicial errors. *Id*. A trial court's decision to cumulate a defendant's sentences is a judicial determination that may not be made through a nunc pro tunc order. *Id.* (citing *In re Madding*, 70 S.W.3d 131, 135 n.8 (Tex. Crim. App. 2002) (improper cumulation order is due-process error, not a mere clerical error)).

Here, relator's "Nunc Pro Tunc Motion" sought to have the judgment reflect that all sentences will run concurrently based on relator's contention that the consecutive sentences were not authorized by law. That is a request for correction of an alleged judicial error and is, in substance, an application for post-conviction

habeas corpus relief. *See id.* But the trial court does not have jurisdiction to grant the relief requested. *Id.* Only the Texas Court of Criminal Appeals has jurisdiction to grant post-conviction habeas corpus relief. *Id.* (citing *In re Williams*, 561 S.W.2d 1, 2 (Tex. Crim. App. 1978) (orig. proceeding)). Thus, the motion was not "properly filed" and the trial court did not have a ministerial duty to rule on the motion. *Id.*

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Also before the Court is relator's September 28, 2022 motion requesting leave to file his petition for writ of mandamus. This motion is not necessary to commence an original proceeding. *See* TEX. R. APP. P. 52.1. Thus, we deny the motion as moot.

221009f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE