Eugene **WILSON**, **III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54050.**

Court of Criminal Appeals of Texas, Panel No. 2.

March 8, 1978.

---

Donald A. Smyth, Rosharon, for appellant.

Tom Hanna, Dist. Atty. and Jimmie R. Stanton, Asst. Dist. Atty., Beaumont, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the unauthorized use of a motor vehicle. Punishment was assessed at ten (10) years' confinement by the court following a jury verdict finding the appellant guilty of the primary offense and after the court found at the penalty stage of the trial that appellant had been previously convicted of a felony as alleged in the indictment.

At the outset we are confronted with appellant's contention that he was denied due process and due course of the law of the land[1] because the trial court lacked jurisdiction sua sponte to set aside his final conviction for the same primary offense and to order a new trial on a new indictment.

This contention is advanced in appellant's supplemental brief filed only in this court. The State argues that the brief and ground of error was not timely filed. See Article 40.09, § 9, V.A.C.C.P. We shall, however, consider the contention "in the interest of justice." See Article 40.09, § 13, V.A.C.C.P.

The record reflects that appellant was originally indicted for the unauthorized use of a motor vehicle with a prior conviction for burglary being alleged for enhancement of punishment in trial court No. 31528. On May 15, 1974 one Gary Ankrom was appointed to represent the appellant, who was indigent. On June 20, 1974 the State apparently abandoned the enhancement portion of the indictment and the appellant entered a guilty plea before the court to the primary offense alone and was assessed a punishment of four (4) years' confinement in the Department of Corrections. Sentence was imposed on the same date after the waiver of time to file motion for new trial, etc. No notice of appeal was given. The appellant was transferred to the Department of Corrections. The conviction became final.

On August 6, 1975 the trial court appointed Ramie H. Griffin, Jr., to represent the appellant. The letter informing Mr. Griffin of his appointment (found in the record) states that the trial judge[2] has learned "that Mr. Ankrom (appellant's counsel at his original trial) has never been licensed to practice law in the State of Texas." Said letter instructed appointed counsel to contact the appellant and advise the trial court what action was necessary to protect appellant's rights. Although sentence had been imposed more than a year before the said letter stated, "If a motion for a new trial is not filed in this case, I will construe that as

---

1. Article I, § 19, Texas Constitution.

2. This trial judge was not the original trial judge, but his successor in office.

indicating the defendant's waiver of his right to counsel on the date the plea was entered."

On August 13, 1975 the appointed counsel by letter requested the appellant be returned to Beaumont by bench warrant. The docket sheet reflects that on August 18, 1975 a bench warrant was issued. Thereafter over a period of several months various counsel were appointed to represent the appellant and were subsequently relieved. On a printed form entitled "Notice of Resetting" dated October 28, 1975 is found a handwritten notation, "New Trial Granted Today . . . Mr. McQuary will remain as counsel for Defendant."[3] On the same date there is a docket sheet entry stating, "Wilson asked for new trial. New trial is granted. Bond set at $15,000." The entry is followed by the trial judge's signature.

We do not find in the record any written motion for new trial, any application for post-conviction writ of habeas corpus, nor any other pleadings filed by the appellant. Further, we do not find any transcription of the court reporter's notes on October 28, 1975 to reflect what transpired. The docket sheet entry is the only indication the appellant ever requested (apparently orally) any relief from his conviction. There is no formal order granting a new trial in the record.

On November 7, 1975 Ray McQuary was relieved of his appointment and other counsel was appointed. However, on November 19, 1975 Mr. McQuary was re-appointed as appellant's sole counsel.

On February 5, 1976 the appellant was re-indicted in trial court Cause No. 33176 for the primary offense of unauthorized use of a motor vehicle for which he had been previously convicted. The new indictment alleged a prior felony conviction for driving without owner's consent for enhancement of punishment rather than the prior burglary conviction alleged in the original indictment.

On February 11, 1976 the appellant was tried before a jury upon the subsequent indictment and assessed a punishment of ten (10) years by the court as earlier noted. Sentence was imposed and notice of appeal was given. On February 13, 1976 the original indictment was dismissed by the court upon written motion of the State.

Article 11.07, V.A.C.C.P., provides that after final conviction in any felony case the writ of habeas corpus must be returnable to the Court of Criminal Appeals. The statute then details the procedure to be utilized and provides in part in § 3 that "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."[4]

It has been consistently held that the trial court is without authority to grant a new trial in a felony case after a conviction becomes final as only the Court of Criminal Appeals has such authority. *Ex parte Johnson*, 153 Tex.Cr.R. 619, 224 S.W.2d 240 (1949); *State ex rel. Wilson v. Briggs*, 171 Tex.Cr.R. 479, 351 S.W.2d 892 (Tex.Cr.App. 1961); *Ex parte Friday*, 545 S.W.2d 182, 183 (Tex.Cr.App.1977); *Ex parte Williams*, 561 S.W.2d 1 (Tex.Cr.App.1978).

Here the trial court's action in granting a new trial and in subsequently dismissing the indictment in trial court Cause No. 31528 was null and void. The original conviction for unauthorized use of a motor vehicle obtained on June 20, 1974 is still an outstanding conviction which has not been set aside in accordance with the procedures prescribed by law. The attempt to re-indict and re-try the appellant for the same offense, while there was still an outstanding conviction, is a nullity. Whether the court sua sponte granted a new trial or whether it took such action upon the oral request of

---

**3.** The record reflects that at the time Mr. Ray McQuary was an attorney for the Staff Counsel for Inmates and had been appointed to represent the appellant.

**4.** § 2 of Article 11.07, V.A.C.C.P., was amended by Acts 1977, 65th Leg., p. 1974, ch. 789 (eff. Aug. 29, 1977). It was not in effect at the time of the trial court's action, but would not call for a different result even if it had been.

the appellant would not call for a different result.

The State recognizes that the court did not have jurisdiction and that the proper procedure would have been a post-conviction habeas corpus proceeding under Article 11.07, supra, but argues that the motives of the trial court were "(1) to protect the constitutional rights of appellant (which were violated due to no one's fault except that of an imposter),[5] and (2) to make a contribution in helping to keep down the size of the already enormous workload imposed upon" the Court of Criminal Appeals.

The State contends that if the proper procedure had been followed this court would have surely set aside the conviction and that the end result would have been the same, so the appellant has not been injured. This is speculative at best and offers no justification for this court to ignore the clear provisions of Article 11.07, V.A.C.C.P.

The judgment and sentence in Cause No. 31528 never having been properly set aside are still outstanding. The judgment in Cause No. 33176 is null and void and of no force and effect. Such judgment and the sentence imposed pursuant thereto are hereby set aside. The cause is reversed and the prosecution under Cause No. 33176 is ordered dismissed.[6]

---

**5.** This record is devoid of evidence of the status of appellant's original trial "counsel" other than assertions by the trial court he was not licensed to practice law in Texas. There does not appear to have been any evidentiary hearing on the matter. In oral argument appellant's counsel, in answer to an inquiry from the bench, stated that such "counsel" had been a law student in Alabama, but had not been licensed to practice there or in Texas.

**6.** In view of our disposition, we need not reach the question raised by appellant that the imposition of the ten year sentence at his second trial was in violation of the teachings of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).