**Ex parte Jerry Frank BIRDWELL, Applicant.**

**No. 73653.**

Court of Criminal Appeals of Texas, En banc.

Dec. 15, 1999.

Gerald Scheve, Houston, for appellant.

Baldwin Chin, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion of the Court, in which McCORMICK, P.J., MANSFIELD, KELLER, PRICE, HOLLAND, and KEASLER, JJ., joined.

One issue in this case is whether a defendant may waive the right not to be twice placed in jeopardy for the same offense. We hold that the defendant may waive the right. We are also called upon

the reconsider the correctness of a statement in *Ex parte Wilson v. State,* 562 S.W.2d 477 (Tex.Cr.App.1978).

**I.**

In 1978 the applicant waived trials by jury and pleaded guilty to two indictments charging offenses of forgery. He was convicted of both offenses and sentenced to three years' confinement. The sentences began on March 17, 1978, and were to run concurrently with the sentence in a federal conviction. He did not appeal.

Both of the 1978 indictments on which he was convicted alleged that he "did unlawfully and with intent to defraud and harm, forge the writing duplicated below by passing it (knowing it was forged)." In 1979, this Court held that forgery indictments were "fundamentally defective" if they failed to allege that the writing was not authorized by the purported maker. *See Minix v. State,* 579 S.W.2d 466 (Tex. Cr.App.1979). In particular, Harris County's indictments for forgery by passing were held "fundamentally defective." *Landry v. State,* 583 S.W.2d 620, 627 (Tex. Cr.App.1979). Convictions based on such indictments were held to be subject to collateral attack. *See Ex parte Huff,* 583 S.W.2d 774 (Tex.Cr.App.1979). *Minix* was overruled in 1992. *See Ex parte Porter,* 827 S.W.2d 324 (Tex.Cr.App.1992). Therefore the 1978 judgments were not actually void, although they were thought to be so in 1980.

On April 25, 1980, a grand jury presented two new indictments accusing the applicant of forging the same checks for which he had been convicted in 1978. These reindictments added the allegations which were held to be essential in *Minix v. State, supra.*

On May 12, 1980, the applicant filed written motions for new trial in the 1978 cases, alleging that the judgments were "contrary to the law and evidence." On the same day, the new trials were granted, and the 1978 indictments were dismissed. Also on the same day, the applicant pleaded guilty to the two new indictments. In accordance with the recommendations of the State, he was sentenced to concurrent terms of two years' confinement, with the sentences to begin on March 17, 1978. There was no appeal and no complaint about these sentences until December 12, 1996, when this habeas corpus action was filed.

The applicant is affected by a collateral consequence of one of these 1980 convictions because the conviction was used in a 1996 theft prosecution to enhance the penalty from a state jail felony to a felony of the second degree. See Penal Code § 12.42(a)(2).

The convicting court has found that the applicant's moving for new trials in the 1978 cases which were based on indictments thought to be "fundamentally defective," and his pleading guilty to the 1980 reindictments, were part of a plea-bargain agreement. The reason for the agreement is explained in another finding of the convicting court. "Applicant agreed to the procedures used in granting a new trial in [the 1978 cases] and to the plea agreements in [the 1980 reindictments] since Applicant's desired results of discharging his sentences and not being on parole any longer were achieved."

**II.**

The applicant contends that the judgment in the 1980 prosecution was a nullity. He relies on a statement in *Wilson v. State,* 562 S.W.2d 477 (Tex.Cr.App. 1978), to which we turn our attention. Wilson was convicted of a felony in 1974, and the conviction became final. More than a year later, the convicting court had learned that Wilson's attorney had never been licensed to practice law in Texas. The court appointed a new attorney to represent Wilson. The district court granted a new trial. Although no written motion or order appeared in the record, and the proceeding was not transcribed by the court reporter, the docket sheet said,

"Wilson asked for new trial. New trial is granted." There was a reindictment of the offense. A jury convicted Wilson on the new indictment, and he appealed.

A panel of this Court held that the second judgment was "null and void and of no force and effect." *Id.* at 480. The panel said:

It has been consistently held that the trial court is without authority to grant a new trial in a felony case after a conviction becomes final as only the Court of Criminal Appeals has such authority. [Citations omitted.]

Here the trial court's action in granting a new trial and in subsequently dismissing the indictment in [the 1974 prosecution] was null and void. The original conviction for unauthorized use of a motor vehicle obtained on June 20, 1974 is still an outstanding conviction which has not been set aside in accordance with the procedures prescribed by law. The attempt to re-indict and re-try the appellant for the same offense, while there was still an outstanding conviction, is a nullity.

*Id.* at 479.

We have no doubt of the panel's holding that the trial court was without authority to grant a new trial a year after the judgment became final, and that its order granting the new trial was a nullity. This holding comported with Wilson's contention, which was that the he had been denied due process of law and due course of the law when the district court granted a new trial without jurisdiction. *See id.* at 478.

Our concern is with the last quoted sentence, holding that the second trial was a nullity. The panel neither cited authority nor gave explanation for this holding. It is one thing to say that the order granting a new trial was a nullity for want of jurisdiction. A new trial of that indictment might well be called a nullity, although we are not called on to decide the question. But there was no new trial on that indictment;

there was a trial of another indictment, with slightly different allegations of the same offense. *See id.* at 479.

This presents quite a different question. Why should the trial held on another indictment be a nullity? There could as well have been a second indictment without any granting of a new trial on the first indictment. The second indictment was regular, and the trial court had jurisdiction of the subject matter and of the defendant. The second trial might have violated Wilson's right not to be placed in jeopardy again for the same offense, but that would not make the second trial a nullity.

The Supreme Court spoke well to this point when it considered a claim that a second trial violated the Double Jeopardy Clause.

It is said, however, that the court below exceeded its jurisdiction [in holding the second trial after declaring a mistrial at the first trial], and that this court has the power, in such case and for that reason, to discharge the prisoner from confinement under a void sentence. The proposition itself is sound if the facts justify the conclusion that the court of the District was without authority in the matter.

But that court had jurisdiction of the offence described in the indictment on which the prisoner was tried. It had jurisdiction of the prisoner, who was properly brought before the court. It had jurisdiction to hear the charge and the evidence against the prisoner. It had jurisdiction to hear and to decide upon the defences offered by him. The matter now presented was one of those defences. Whether it was a sufficient defence was a matter of law on which that court must pass so far as it was purely a question of law, and on which the jury under the instructions of the court must pass if we can suppose any of the facts were such as required submission to the jury.

If the question had been one of former acquittal—a much stronger case

than this—the court would have had jurisdiction to decide upon the record whether there had been a former acquittal for the same offence, and if the identity of the offence were in dispute, it might be necessary on such a plea to submit that question to the jury on the issue raised by the plea.

The same principle would apply to a plea of a former conviction. Clearly in these cases the court not only has jurisdiction to try and decide the question raised, but it is its imperative duty to do so. If the court makes a mistake on such trial it is error which may be corrected by the usual modes of correcting such errors, but that the court had jurisdiction to decide upon the matter raised by the plea both as matter of law and of fact cannot be doubted.

This Article V of the Amendments, and Articles VI and VII, contain other provisions concerning trials in the courts of the United States designed as safeguards to the rights of parties. Do all of these go to the jurisdiction of the courts? And are all judgments void where they have been disregarded in the progress of the trial? Is a judgment of conviction void when a deposition has been read against a person on trial for crime because he was not confronted with the witness, or because the indictment did not inform him with sufficient clearness of the nature and cause of the accusation?

It may be confessed that it is not always very easy to determine what matters go to the jurisdiction of a court so as to make its action when erroneous a nullity. But the general rule is that when the court has jurisdiction by law of the offence charged, and of the party who is so charged, its judgments are not nullities.

There are exceptions to this rule, but when they are relied on as foundations for relief in another proceeding, they should be clearly found to exist.

*In re Bigelow,* 113 U.S. 328, 329–31, 5 S.Ct. 542, 28 L.Ed. 1005 (1885).

The statement of the *Wilson* panel that the second trial was a nullity was unnecessary to the decision in the case. We think it was ill-considered, and we disapprove it. We do not accept the applicant's argument that he should have habeas corpus relief from the 1980 judgment because the trial on a superseding indictment was a nullity.

### III.

The protection against a second prosecution after a new trial is wrongfully granted is not the concept of nullity because of lack of jurisdiction. The protections are the Double Jeopardy Clause of the Fifth Amendment and the corresponding provision of the Texas Constitution, Article I, § 14. *See, e.g., Ex parte Bauder,* 974 S.W.2d 729 (Tex.Cr.App.1998). Although the applicant has not cited these provisions, we will consider them since they are implicated by the facts.

▇ The trial court was without authority to grant a motion for new trial after the expiration of the statutory time limit, and the judgment from the first trial was still effective in 1980. *Wilson v. State,* 562 S.W.2d 477 (Tex.Cr.App.1978). We do not find that the second trial violated the double jeopardy provisions of the federal or state constitutions, however, because the facts show that the applicant waived the protections of those provisions.

▇ A guilty plea, *per se,* does not waive a claim of double jeopardy. *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Id.* at 62, 96 S.Ct. 241. "[The Court] added, however, an important qualification: 'We do not hold that a double jeopardy claim may never be waived. We simply hold that a

plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute.' *Id.*, at 63 n. 2, 96 S.Ct. 241." *United States v. Broce,* 488 U.S. 563, 575, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).

If this applicant had been haled into court in 1980 and subjected to the prospect of a second trial, as Menna and Wilson were,[1] his claim of double jeopardy would not be waived by his mere plea of guilty. *Menna v. New York, supra.* But he did not merely plead guilty under such circumstances. The record of this proceeding shows that the applicant agreed to subject himself to a second trial for the same offense, and to receive a lesser sentence which he had already earned enough credit to have discharged. We are mindful that his alternative was to seek habeas corpus relief from the 1978 convictions because of the "fundamentally defective indictments," and to face further prosecution for those offenses. In these circumstances, we find that the applicant waived his right to be free from a second prosecution for the forgery in question.

### IV.

Habeas corpus relief is denied.

MEYERS, J., concurs with note, JOHNSON, J., concurs.

MEYERS, J., concurs with the following note: I would not address *sua sponte* a double jeopardy argument which was not raised by applicant in his writ application. I therefore join only parts I and II of the Court's opinion.

1. Menna had refused, after a grant of immunity, to obey a court order to testify before a grand jury. He was adjudicated in contempt of court and sentenced to a term in civil jail. After he was released, he was indicted for the same refusal to answer the questions. He pleaded guilty and was sentenced, but then appealed on double jeopardy grounds. *See Menna v. New York, supra.* Wilson had been

sentenced to four years in prison after a plea of guilty. He was bench warranted back to the convicting court after a year in prison, granted an unauthorized new trial, tried before a jury for the same offense, and sentenced to ten years in prison. He appealed on due process grounds. *See Wilson,* 562 S.W.2d at 478–79.