Ralph White Jr. v. State of Texas









Â 





IN THE
TENTH COURT OF APPEALS
 

No. 10-99-234-CR

Â Â Â Â Â RALPH WHITE, JR.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 00-00-26896-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â 
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â 

Â Â Â Â Â Â Ralph White, Jr. pleaded guilty to possession of cocaine in the amount of four grams or
more but less than 200 grams with intent to deliver said substance. See Tex. Health &
Safety Code Ann. Â§ 481.115(d) (Vernon Supp. 2000). Pursuant to the Stateâs plea
recommendation, the court sentenced White to forty yearsâ imprisonment.
Â Â Â Â Â Â White advised this Court by letter of his desire to appeal the conviction. We treated
Whiteâs letter as a general notice of appeal and forwarded a copy to the trial court clerk. The
clerkâs record reflects that White pleaded guilty pursuant to a plea bargain and that his sentence
did not exceed the Stateâs recommendation. Accordingly, White can appeal only:
Â Â Â Â Â Â â¢Â Â Â Â jurisdictional issues;
Â 
Â Â Â Â Â Â â¢Â Â Â Â matters raised by written pre-trial motion; or
Â 
Â Â Â Â Â Â â¢Â Â Â Â issues on which the trial court has granted permission to appeal.

Tex. R. App. P. 25.2(b)(3). White filed no pre-trial motions. The trial court has expressly
denied him permission to appeal. Thus, White can appeal only jurisdictional issues.
Â Â Â Â Â Â Jurisdictional issues are those which touch upon âthe power of the court over the âsubject
matterâ of the case, conveyed by statute or constitutional provision, coupled with âpersonalâ
jurisdiction over the accused.â Flowers v. State, 935 S.W.2d 131, 134 n.4 (Tex. Crim. App.
1996) (quoting Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981)); accord
Davis v. State, 956 S.W.2d 555, 558 (Tex. Crim. App. 1997). White contends on appeal only
that his prosecution in this case violates double jeopardy. The Court of Criminal Appeals has
recently held that a double jeopardy claim does not implicate the trial courtâs subject-matter
jurisdiction or the courtâs jurisdiction over the person of the defendant. Ex parte Birdwell, 7
S.W.3d 160, 162-63 (Tex. Crim. App. 1999). The Court stated that in cases involving a plea
of double jeopardy:
the court not only has jurisdiction to try and decide the question raised, but it is its
imperative duty to do so. If the court makes a mistake on such trial it is error which
may be corrected by the usual modes of correcting such errors, but that the court had
jurisdiction to decide upon the matter raised by the plea both as matter of law and of
fact cannot be doubted.

Id. at 163 (quoting In re Bigelow, 113 U.S. 328, 330, 5 S. Ct. 542, 543-44, 28 L. Ed. 1005
(1885)).
Â Â Â Â Â Â The record affirmatively demonstrates that the trial court had jurisdiction over White and
his case. White filed no pre-trial motions. The trial court has expressly denied him
permission to appeal. Accordingly, we do not have jurisdiction over this appeal. See Elizondo
v. State, 979 S.W.2d 823, 824-25 & n.4 (Tex. AppâWaco 1998, no pet.). Thus, we dismiss
Whiteâs appeal.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Â Â Â Â Chief Justice McDonald (retired)
Appeal dismissed for want of jurisdiction
Opinion delivered and filed March 1, 2000
Do not publish



 and conditions of
Husfelds community supervision.Â  Husfeld
now appeals.

Â Â Â Â Â Â Â Â Â  As
the trial court correctly pointed out in its certificate of defendantÂs right
of appeal, an order modifying the terms and conditions of community supervision
is not reviewable by direct appeal.Â  Basaldua v State, 558 S.W.2d 2, 5 (Tex.
Crim. App. 1977); Rice v. State, No.
10-04-00086-CR, 2004 Tex. App. LEXIS 5664 (Tex. AppÂWaco June 23, 2004, no pet.) (not designated for publication).

Â Â Â Â Â Â Â Â Â  Accordingly,
the appeal is dismissed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â Â Â Â Â  Justice Reyna

Appeal
dismissed

Opinion
delivered and filed March 23, 2005

Do
not publish

[CR25]

Â