IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,916-01






EX PARTE MAURICE HARTFIELD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2009CR2039 IN THE 437TH DISTRICT COURT


FROM BEXAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of 
intoxication assault and sentenced to fourteen years' imprisonment on each count. The Fourth Court
of Appeals dismissed his appeal. Hartfield v. State, No. 04-11-00050-CR (Tex. App.-San Antonio
March 16, 2011, no pet.).

 On September 12, 2012, we remanded this application and directed the trial court to make
findings of fact and conclusions of law. We now withdraw our September 12 order and substitute
the present one. 

 On February 1, 2012, we remanded this application and directed the trial court to determine
whether Applicant received ineffective assistance of counsel and multiple punishments for the same
offense in violation of the Double Jeopardy Clause. Strickland v. Washington, 466 U.S. 668 (1984);
Brown v. Ohio, 432 U.S. 161 (1977); Ex parte Ervin, 991 S.W.2d 804 (Tex. Crim. App. 1999). On
remand, the trial court found that there is a clerical mistake in the judgments and that Applicant in
fact pleaded guilty to intoxication assault and aggravated assault. The trial court also concluded that
Applicant's sentences violate the Double Jeopardy Clause and that counsel rendered ineffective
assistance by not mentioning during the plea proceeding that Applicant's sentences would violate
the Double Jeopardy Clause. The trial court recommended that we set aside count two. We believe
the record is not sufficient to resolve these claims.

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether: (1)
counsel advised Applicant before pleading guilty that his sentences would violate the Double
Jeopardy Clause; (2) by pleading guilty Applicant knowingly waived a double jeopardy claim, Ex
parte Birdwell, 7 S.W.3d 160 (Tex. Crim. App. 1999); and (3) if counsel failed to advise him that
his sentences would violate the Double Jeopardy Clause, Applicant would have insisted on a trial.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of these claims.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 6, 2013

Do not publish