ACCEPTED
03-15-00301-CR
7353683
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/13/2015 2:42:18 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-000301-CR

COURT OF APPEALS

FOR THE

AUSTIN THIRD SUPREME JUDICIAL DISTRICT

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/14/2015 2:42:18 PM
JEFFREY D. KYLE
Clerk

---

**EX PARTE JOSE C. LOREDO,**
Appellant

---

APPEAL FROM COUNTY COURT AT LAW NO. 1

HAYS COUNTY, TEXAS

TRIAL COURT CAUSE NO. 095790

---

**STATE'S BRIEF**

---

Ralph Guerrero
First Assistant Criminal District Attorney
Hays County Government Center
712 South Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
Ph: (512) 393-7600 / Fax: (512) 393-7619
State Bar No. 24041021
ralph.guerrero@co.hays.tx.us
Attorney for the State of Texas

Emily E.L. Landeros
Law Clerk
Associate Member of the State Bar of Texas
State Bar No. 24095477
emily.landeros@co.hays.tx.us

ORAL ARGUMENT IS
NOT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

Appellant:                                    Jose Concepcion Loredo

    Appellate Counsel:                   David Mendoza
                                  608 S. Guadalupe Street
                                  San Marcos, Texas 78666

    Writ Counsel:                          David Mendoza

    Trial Counsel:                         Lawrence Souza
                                  101 Stumberg
                                  San Antonio, Texas 78204


Appellee:                                     State of Texas

    Counsel:                               Wes Mau, Criminal District Attorney
                                    712 S. Stagecoach Trail, Ste. 2057
                                  San Marcos, TX 78666

    Appellate Counsel:                   Ralph Guerrero, First Assistant
                                        Criminal District Attorney

    Post-Conviction Counsel:             Angie D. Roberts-Huckaby, Assistant
                                        District Attorney

    Trial Counsel:                         Amy Lockhart, Assistant District
                                        Attorney
                                    Chris Johnson, Assistant District
                                    Attorney

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... i

INDEX OF AUTHORITIES ............................................................................. iii

STATEMENT OF THE CASE ........................................................................... 2

STATEMENT REGARDING ORAL ARGUMENT ............................................ 3

ISSUE PRESENTED ....................................................................................... 3

STATEMENT OF FACTS ................................................................................ 3

SUMMARY OF THE ARGUMENT ................................................................... 5

ARGUMENT AND AUTHORITIES .................................................................. 8

   STATE'S RESPONSE TO APPELLANT'S SOLE ISSUE ............................. 8

   I.    THE TRIAL COURT PROPERLY DENIED HABEAS CORPUS RELIEF BECAUSE A DOUBLE JEOPARDY ISSUE DOES NOT EXIST IN THIS CASE ........................................................................................ 9

   II.    THE TRIAL COURT PROPERLY DENIED HABEAS CORPUS RELIEF BECAUSE APPELLANT WAIVED ANY DOUBLE JEOPARY CLAIM IN HIS PLEA AGREEMENT .................................................... 11

   III.    THE TRIAL COURT PROPERLY DENIED HABEAS CORPUS RELIEF BECAUSE APPELLANT WAIVED ANY DOUBLE JEOPARDY CLAIM BY FAILING TO RAISE A CLAIM AT TRIAL ........................... 13

CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. PROC. 9.4 ......... 17

CERTIFICATE OF SERVICE ........................................................................ 17

# INDEX OF AUTHORITIES

**Federal Cases**

*Menna v. New York*, 423 U.S. 61 (1975) ............................................................. 11

**State Cases**

*Ex parte Marascio*, Nos. WR-80,939-01, WR-80,939-02, & WR-80,939-03, 2015
    WL 5853202 (Tex. Crim. App. Oct. 7, 2015)..................................... 11, 14

*Ex parte Milner*, 394 S.W.3d 502 (Tex. Crim. App. 2013)................................. 6, 9

*State v. Moore*, 240 S.W.3d 248 (Tex. Crim. App. 2007)..................................... 13

*Kniatt v. State*, 206 S.W.3d 657 (Tex. Crim. App. 2006)...................................... 8

*Gonzales v. State*, 8 S.W.3d 640 (Tex. Crim. App. 2000)........................... 7, 13, 14

*Ex parte Birdwell*, 7 S.W.3d 160 (Tex. Crim. App. 1999) ................................. 6, 11

*Ex parte Williams*, 637 S.W.2d 943 (Tex. Crim. App. 1982)............................... 13

*Ex parte Valenzuela-Rodriguez*, No. 03-13-00249-CR, 2014 WL 4363140 (Tex.
    App.—Austin Aug. 26, 2014, no pet.) (mem. op.). ....................................... 8

*Moore v. State*, 262 S.W.3d 99 (Tex. App.—Fort Worth 2008) ........................... 12

*State v. Shastid*, 940 S.W.2d 405 (Tex. App.—Fort Worth 1997, no pet.) (per
    curiam) ......................................................................................................... 9

*Matter of M.C.*, 915 S.W.2d 118 (Tex. App—San Antonio 1996, no writ)............. 8

**Rules**

TEX. R. APP. PROC. 39.1 ......................................................................................... 3

TEX. R. APP. PROC. 39.7 ......................................................................................... 3

NO. 03-15-000301-CR

COURT OF APPEALS

FOR THE

AUSTIN THIRD SUPREME JUDICIAL DISTRICT

---

EX PARTE JOSE C. LOREDO,
Appellant

---

APPEAL FROM COUNTY COURT AT LAW NO. 1

HAYS COUNTY, TEXAS

TRIAL COURT CAUSE NO. 095790

---

**STATE'S BRIEF**

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW the State of Texas, by and through her First Assistant District Attorney, Ralph Guerrero, and Law Clerk, Emily Landeros, and respectfully submits this Brief in Opposition to Appellant's Brief pursuant to Rule 38.2 of the Texas Rules of Appellate Procedure and would show the Court the following:

1

## STATEMENT OF THE CASE

Jose Concepcion Loredo ("Appellant") was charged by information and complaint with Assault Bodily Injury – Family Violence, a Class A misdemeanor, on May 5, 2010, (C.R. 9, 10). A Hays County Grand Jury indicted Appellant for Aggravated Assault With a Deadly Weapon – Family Violence on October 14, 2010 (C.R. 44).

On September 8, 2011, Appellant entered a plea agreement for the felony offense in which he pled guilty to the lesser-included offense of Assault Causing Bodily Injury – Family Violence, a Class A misdemeanor. (C.R. 46). The plea agreement included the special terms that Appellant would also plead guilty to the misdemeanor assault charge pending in county court. (C.R. 46).

On the same day, Appellant entered a plea of nolo contendere to Assault Causing Bodily Injury – Family Violence in county court. (C.R. 16). He was sentenced to 160 days for both offenses and given 160 days credit in both judgments for time served. (C.R. 16–17, 55–56).

On March 6, 2015, Appellant filed an Application for Writ of Habeas Corpus Seeking Relief from Double Jeopardy. (C.R. 18–21). The trial court entered its order denying the application on June 29, 2015. (C.R. Suppl. 6). Appellant appeals said denial. (C.R. 76).

## STATEMENT REGARDING ORAL ARGUMENT

Appellant has not requested oral argument in this case. The facts and legal arguments are adequately presented in the briefs and record, and oral argument would not aid the decisional process. *See* TEX. R. APP. PROC. 39.1. However, should the Court desire the parties to appear and argue, the State would appear for oral argument. *See* TEX. R. APP. PROC. 39.7.

## ISSUE PRESENTED

Did the trial court properly deny habeas corpus relief in response to an alleged double jeopardy violation when the State prosecuted Appellant for two separate felony and misdemeanor offenses, Appellant entered a plea agreement in the felony case in which he pled guilty to a lesser misdemeanor offense, Appellant, pursuant to that agreement, pled guilty to the pending misdemeanor charge in order to receive a lesser sentence, and Appellant failed to preserve his double jeopardy claim at trial?

## STATEMENT OF FACTS

On Sunday, May 10, 2009, an officer with the San Marcos Police Department responded to a call by victims April and Conchita Najera ("Conchita"). (C.R. 11–12). April informed the officer that she had gone to a park with her child where she was assaulted by her ex-boyfriend, Appellant. (C.R. 11–

3

12). April claimed that Appellant approached her and "pulled her by the hair and then grabbed her face along the jaw line." (C.R. 11–12). She escaped, but Appellant grabbed her again by the hair and by the waist area and began to hit and push her. (C.R. 12).

During that time, April's mother, Conchita, drove to the park and witnessed Appellant assaulting her daughter. (C.R. 12). When Conchita asked Appellant why he had assaulted her daughter, Appellant, just a few feet away from Conchita's vehicle, said that it was none of her business and pulled out a knife with a silver blade. (C.R. 12). Conchita told April to call the police. Appellant then ran to his vehicle and left. (C.R. 12). The responding officer obtained several photographs of April's injuries, which showed bruises to her face and left eye as well as scratches to her nose. (C.R. 12). Both April and Conchita provided written statements. (C.R. 12).

Appellant was thereafter indicted for Aggravated Assault with a Deadly Weapon – Family Violence, a second degree felony. (C.R. 44). Appellant was also charged by information and complaint with Assault Causing Bodily Injury – Family Violence, a Class A misdemeanor. (C.R. 10, 11).

On September 8, 2011, a plea agreement was entered for the felony offense. (C.R. 46). By agreement, Appellant pled guilty to the lesser-included offense of

4

Assault – Family Violence, a Class A misdemeanor. (C.R. 46). The plea included the special terms that Appellant would also plead guilty to the Assault – Family Violence charge pending in county court. (C.R. 46–53).

On the same day, Appellant entered a plea of nolo contendere to Assault Bodily Injury – Family Violence in county court for the misdemeanor charge. (C.R. 13–14, 16). He was sentenced to 160 days in county jail for both offenses and given 160 days credit for time served. (C.R. 16–17, 55–56). Appellant was represented by counsel, Lawrence Souza, when he entered both pleas. (C.R. 13–14, 46).

On January 28, 2015, Appellant filed an Application for Writ of Habeas Corpus in the felony case. (C.R. Cause No. CR-10-0816-A). However, Appellant withdrew said application on February 4, 2015. (C.R. Cause No. CR-10-0816-A). On March 6, 2015, Appellant filed an Application for Writ of Habeas Corpus Seeking Relief from Double Jeopardy in the misdemeanor case. (C.R. 18–21). Appellant filed notice of appeal on May 14, 2015. (C.R. 76). The trial court entered its order denying relief on June 29, 2015. (C.R. Suppl. 6).

## SUMMARY OF THE ARGUMENT

The trial court properly denied Appellant's Application for Writ of Habeas Corpus because (1) no double jeopardy issue exists, (2) Appellant waived any

5

double jeopardy protections in his plea agreement, and (3) Appellant waived his double jeopardy claim by failing to assert the claim at trial. The Double Jeopardy Clause of the Fifth Amendment protects against: "1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense." *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013).

Appellant was prosecuted for two different offenses: a Class A misdemeanor Assault in county court and Aggravated Assault in district court. In the felony case, Appellant voluntarily pled to the lesser-included offense of Assault Causing Bodily Injury – Family Violence, a Class A misdemeanor, under a special agreement that he would also plead guilty to the separate Class A misdemeanor assault charge pending in county court. Therefore, no double jeopardy claim exists and the Court should affirm the trial court's ruling.

Furthermore, Appellant waived any potential claim of double jeopardy by voluntarily agreeing to the second assault prosecution as part of a plea agreement resulting in a lesser sentence. *See Ex parte Birdwell*, 7 S.W.3d 160, 163–64 (Tex. Crim. App. 1999). By pleading guilty to both charges in exchange for lesser sentences, Appellant gave up any potential double jeopardy protections.

Finally, Appellant failed to preserve his double jeopardy claim at the trial court. An appellant may raise a double jeopardy claim for the first time on appeal or collateral attack only when (1) "the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record," and (2) "enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzales v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). Appellant failed to raise his double jeopardy claim prior to taking advantage of the plea agreement which necessarily waived that claim. Therefore, no violation is clearly apparent from this record, and the legitimate state interest in giving effect to negotiated pleas would be undermined by allowing him to make this claim after lying behind the log until now. Consequently, the Court should affirm the trial court's denial of relief.

## ARGUMENT AND AUTHORITIES

## STATE'S RESPONSE TO APPELLANT'S SOLE ISSUE

In his sole issue, Appellant argues that he is unlawfully restrained of his liberty by and through a subsequent conviction and punishment for the same offense. (App. Br., p. 5). A double jeopardy issue does not exist in this case because Appellant was prosecuted for two different offenses. Alternatively, even if a double jeopardy issue did exist, Appellant waived any double jeopardy claim in his plea agreement by agreeing to subject himself to the same offense in order to receive a lesser sentence. Finally, Appellant waived his double jeopardy claim by failing to assert it at the trial court and therefore, he cannot raise his claim for the first time on collateral attack.

On appeal, the appellate court reviews the habeas corpus decision of the trial court in the light most favorable to the ruling and shall uphold the ruling absent a clear abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Valenzuela-Rodriguez*, No. 03-13-00249-CR, 2014 WL 4363140, at *1 (Tex. App.—Austin Aug. 26, 2014, no pet.) (mem. op.). In granting or denying habeas corpus relief, the trial court is presumed to have acted correctly. *See Matter of M.C.*, 915 S.W.2d 118, 119 (Tex. App.—San Antonio 1996, no writ). Further, the appellate court will affirm the trial court's decision if it "is

correct on any theory of law applicable to the case." *State v. Shastid*, 940 S.W.2d 405, 407 (Tex. App.—Fort Worth 1997, no pet.) (per curiam).

### I.   THE TRIAL COURT PROPERLY DENIED HABEAS CORPUS RELIEF BECAUSE A DOUBLE JEOPARDY ISSUE DOES NOT EXIST IN THIS CASE

"The Double Jeopardy Clause protects criminal defendants from three things: 1) a second prosecution for the same offense after acquittal, 2) a second prosecution for the same offense after conviction, and 3) multiple punishments for the same offense." *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013). Appellant argues that he is unlawfully restrained of his liberty by and through a subsequent conviction for the same offense. (Appellant's Br. 5). However, none of the above-mentioned double jeopardy issues exist. A second prosecution for the same offense after acquittal did not occur. A second prosecution for the same offense after conviction did not occur. Appellant did not receive multiple punishments for the same offense.

Appellant was prosecuted for two different offenses, which is evidenced by the nonconforming language contained in the charging instruments. He was prosecuted and convicted of Assault Causing Bodily Injury – Family Violence, a Class A misdemeanor in county court, cause number 95790. (C.R. 16–17). He was also prosecuted for Aggravated Assault with a Deadly Weapon – Family Violence

9

in cause number CR-10-0816.

The felony indictment accused Appellant of acts separate and distinct from the acts alleged in the misdemeanor information and complaint. The indictment accused Appellant of brandishing a deadly weapon during, or in the immediate flight therefrom, an assault on April involving Appellant "grabbing her hair and face with [his] hands." (C.R. 44). Conversely, the information and complaint accused Appellant of causing bodily injury to April "by grabbing April Najera about the face," "pulling [her] hair," or "striking" her. (C.R. 9, 10). Because the felony indictment alleges criminal acts separate and distinct from the acts alleged in the information and complaint, Appellant was prosecuted for two different offenses.

Subsequently, Appellant reached a plea agreement in the felony case in which he voluntarily pled to the lesser offense of Assault Causing Bodily Injury – Family Violence, a Class A misdemeanor. (C.R. 46–53, 55–56). The special terms of the plea agreement specifically state that Appellant would also plead guilty to the Assault – Family Violence case pending during that time in county court. (C.R. 46). Therefore, no double jeopardy claim exists and the trial court's order should be affirmed.

## II. THE TRIAL COURT PROPERLY DENIED HABEAS CORPUS RELIEF BECAUSE APPELLANT WAIVED ANY DOUBLE JEOPARY CLAIM IN HIS PLEA AGREEMENT

Even if a double jeopardy issue would normally exist, Appellant waived any double jeopardy claim. Double jeopardy is not an absolute right; a defendant may freely choose "to subject himself to a potential double jeopardy violation because, in his judgment, it results in a beneficial outcome." *Ex parte Marascio*, Nos. WR-80,939-01, WR-80,939-02, & WR-80,939-03, 2015 WL 5853202, at *6 (Tex. Crim. App. Oct. 7, 2015) (Keasler, J., concurring). Further, although a plea agreement does not by itself waive double jeopardy protections, a defendant waives any double jeopardy claim if he agrees to subject himself to the same offense in order to receive a lesser sentence for which he has already earned enough to credit to have discharged. *See Menna v. New York*, 423 U.S. 61, 62–63 (1975); *Ex parte Birdwell*, 7 S.W.3d 160, 163–64 (Tex. Crim. App. 1999). In *Ex parte Birdwell*, the applicant pled guilty after subjecting himself to a second trial for an offense for which he had previously been convicted, and he did so intentionally in order to receive a lesser sentence that he had already earned sufficient credit to discharge. *Id.* The court held that under these circumstances, the applicant waived his right to be free from a second prosecution for the same offense. *Id.*

11

Similarly, in this case, Appellant was indicted for Aggravated Assault with a Deadly Weapon – Family Violence, a felony offense. (C.R. 44). As part of the plea agreement, he voluntarily agreed to plead guilty to the lesser-included offense of Assault Causing Bodily Injury – Family Violence, a Class A misdemeanor, under the special terms that he would also plead guilty to the Assault Causing Bodily Injury – Family Violence case pending in county court. (C.R. 46, 47–53). By entering this agreement, Appellant avoided a possible felony sentence. He also received 160-day sentences for each offense, both of which were credited a full 160 days for time served. (C.R. 16–17, 55–56). Therefore, Appellant agreed to subject himself to the same offense for the purposes of receiving a lesser sentence for which he had already earned enough credit to have discharged. Appellant thus waived any double jeopardy claim in this matter.

Additionally, the fact that Appellant (1) entered both pleas on the same day, and (2) was represented by an attorney throughout the plea bargaining process, when he entered both pleas, and when he was convicted of both offenses, is further evidence that Appellant intelligently, knowingly, and voluntarily waived any double jeopardy claim. In Texas, plea agreements may contain a wide variety of stipulations. *Moore v. State*, 262 S.W.3d 99, 104 (Tex. App.—Fort Worth 2008), *rev'd on other grounds*, 295 S.W.3d 329 (Tex. Crim. App. 2009). Furthermore, a

12

defendant "is deemed to have entered into the agreement knowingly and voluntarily unless he shows otherwise." *State v. Moore*, 240 S.W.3d 248, 251 (Tex. Crim. App. 2007); *see also Ex parte Williams*, 637 S.W.2d 943, 948 (Tex. Crim. App. 1982). Appellant does not argue that he entered into an invalid plea agreement. Therefore, Appellant, while represented by counsel, knowingly and voluntarily entered into the plea agreement in which he agreed to subject himself to the same offense pending in county court in order to receive a lesser sentence, thereby waiving any double jeopardy claim. Consequently, the Court should affirm the trial court's denial of relief.

### III.  THE TRIAL COURT PROPERLY DENIED HABEAS CORPUS RELIEF BECAUSE APPELLANT WAIVED ANY DOUBLE JEOPARDY CLAIM BY FAILING TO RAISE A CLAIM AT TRIAL

Finally, Appellant waived any double jeopardy claim by failing to raise a double jeopardy claim at trial. Generally, a defendant has the burden of preserving a double jeopardy claim by raising the claim at or before trial. *See Gonzales v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000). When the defendant alleges a "successive prosecutions for the same offense" double jeopardy claim, such as in this case, a *pre-trial* writ of habeas corpus is the appropriate procedural vehicle. *See id.* at 643, n.9. A double jeopardy claim may be raised for the first time on

13

appeal or collateral attack only when (1) "the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record," and (2) "enforcement of usual rules of procedural default serves no legitimate state interests." *Id.* at 643. Finally, if a writ applicant could have properly brought the double jeopardy claim on direct appeal, "then the claim's merits will not be entertained on habeas." *Ex parte Marascio*, 2015 WL 5853202, at *7 (Keasler, J., concurring) (discussing *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004)).

Appellant cannot properly assert a double jeopardy claim on direct appeal or on collateral attack in this case, and thus waived his claim by failing to assert it at the trial court because a double jeopardy violation is not "clearly apparent on the face of the record." *See Gonzales*, 8 S.W.3d at 643. In *Gonzales*, the court held that the appellant failed to meet his burden in presenting a record showing on its face a "multiple punishments" violation. *See id* at 645. Instead, appellant could only show that it was "*possible* he was multiply punished for the same offense" based on the jury's general verdict convicting him of aggravated robbery and a lesser offense. *Id.* at 641. As a result, the court affirmed the lower court's denial of relief, holding that the appellant waived his claim on appeal by failing to timely raise it at trial. *Id.* at 645–46.

In this case, Appellant has likewise failed to present a record which shows on its face a "multiple punishments" double jeopardy violation. Instead, the record shows that Appellant was prosecuted for two separate offenses. Alternatively, even if a double jeopardy violation would normally exist, Appellant affirmatively waived his double jeopardy rights by voluntarily entering into a plea agreement in which he agreed to be twice convicted of assault in order to receive a lesser sentence. As a result, a double jeopardy violation is not "clearly apparent from the face of the record." The legitimate state interest in giving effect to negotiated pleas would be gravely undermined by allowing Appellant to make this claim after lying behind the log until now. Appellant failed to preserve his claim of double jeopardy at trial, and thus, he cannot raise it on direct appeal or through a post-trial writ of habeas corpus. The Court should therefore affirm the trial court's denial of relief.

15

## CONCLUSION AND PRAYER FOR RELIEF

Wherefore, premises considered, the State respectfully prays that this honorable Court of Appeals affirm the trial court's judgment denying habeas corpus relief, and grant to the State all relief to which it is justly entitled.

Respectfully Submitted,

By: _____

Ralph Guerrero
First Assistant Criminal District Attorney
Hays County Government Center
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
State Bar No. 24041021
ralph.guerrero@co.hays.tx.us
Attorney for the State of Texas


By: _____

Emily E.L. Landeros
Law Clerk
Associate Member of the State Bar of Texas
State Bar No. 24095477
emily.landeros@co.hays.tx.us

16

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. PROC. 9.4

I certify that this brief contains 1,772 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

_____
Ralph Guerrero
First Assistant Criminal District Attorney

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing brief has been e-delivered to:

David A. Mendoza
608 S. Guadalupe Street
San Marcos, Texas 78666
attorneydavidmendoza@gmail.com

on this the 13th day of October, 2015.

_____
Ralph Guerrero
First Assistant Criminal District Attorney