# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00301-CR

### Ex parte Jose C. Loredo

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 095790, HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jose C. Loredo was arrested for assaulting his ex-girlfriend April Najera in a park. After his arrest, Loredo was indicted in a district court for the felony offense of aggravated assault with a deadly weapon (family violence). *See* Tex. Penal Code §§ 22.01(a) (setting out elements of assault), .02(a)(2) (providing that assault is aggravated assault if person "uses or exhibits a deadly weapon during the commission of the assault"), (b) (stating that offense is second-degree felony). In addition to the felony offense, Loredo was charged in a county court at law with a class A misdemeanor assault (family violence) stemming from the incident in the park. *See id.* § 22.01(b) (specifying that assault "is a Class A misdemeanor").

As part of a plea bargain, the State agreed to reduce the charge for the alleged felony offense to a misdemeanor assault charge in exchange for Loredo agreeing to plead guilty to the reduced charge and nolo contendere to the original class A misdemeanor that was pending in the county court. *See id.* § 22.01(a)(1). Furthermore, the parties agreed that Loredo should be sentenced in both cases to 160 days' confinement, should be given credit for 160 days served, and should be

released for time served. Moreover, under the deal, Loredo voluntarily agreed to enter the pleas at issue; to "give up all rights given to me by law, whether of form, substance or procedure"; to "waive any Constitutional or statutory protections and privileges against self-incrimination"; and to waive his right to appeal. Consistent with the terms of the agreement, Loredo entered a plea of guilty for the reduced assault charge in the district court and a plea of nolo contendere for the assault charge in the county court, and the district court accepted the plea agreement and sentenced him in accordance with the terms of the agreement.

After Loredo entered his pleas and was sentenced, he filed an application for writ of habeas corpus in the county court asserting that his conviction for the original misdemeanor assault charge by the county court was unconstitutional because it constituted double jeopardy. *See* Tex. Code Crim. Proc. art. 11.09 (stating that person confined on misdemeanor charge may apply for writ of habeas corpus). Ultimately, the county court denied Loredo's application. Loredo appeals the county court's ruling. We will affirm the county court's order denying his writ application.

## STANDARD OF REVIEW

Appellate courts review a trial court's denial of habeas-corpus relief under an abuse-of-discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). "A trial court abuses its discretion when its ruling is arbitrary or unreasonable." *Gaytan v. State*, 331 S.W.3d 218, 223 (Tex. App.—Austin 2011, pet. ref'd). But a trial court does not abuse its discretion if its ruling lies within "the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008); *see Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002). Under that standard, we review "the record evidence in the light most favorable to the trial court's ruling," *Kniatt*,

206 S.W.3d at 664, and the applicant has the burden of proving his claims by a preponderance of the evidence, *Ex parte Graves*, 271 S.W.3d 801, 803 (Tex. App.—Waco 2008, pet. ref'd).

## DISCUSSION

In his sole issue on appeal, Loredo asserts that his prosecution for the misdemeanor assault offense in the county court violated the Double Jeopardy Clause of the Fifth Amendment. *See* U.S. Const. amend. V. In particular, Loredo notes that the "Double Jeopardy Clause protects criminal defendants from three things: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense." *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013). In light of these protections, Loredo asserts that the second and third prongs are applicable in this case because his conviction by the county court constitutes a second prosecution and a second punishment for the offense that he was convicted of by the district court. Moreover, although Loredo acknowledges that he is no longer incarcerated, he asserts that his second conviction may result in his deportation.[1] *See Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003) (explaining that article 11.09 is not limited to cases in which applicant is currently confined). Accordingly, Loredo contends that "a writ of habeas corpus is a proper venue through which to challenge" this error, *see Ex parte Milner*, 394 S.W.3d at 506, and asks this Court to either reverse the county court's denial of his habeas petition or vacate his misdemeanor conviction for assault, *see Shelby v. State*, 448 S.W.3d

---

[1] We note that the plea agreement stated in multiple locations that pleas of guilty and nolo contendere "may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law."

3

431, 440 (Tex. Crim. App. 2014) (explaining that if defendant is subjected to multiple punishments for same offense, remedy is to affirm most serious conviction and vacate other ones); *Wilson v. State*, Nos. 05-10-01207-CR, -08-CR, -09-CR, -10-CR, -11-CR, -12-CR, 05-11-00087-CR, 2012 Tex. App. LEXIS 2192, at *9-10 (Tex. App.—Dallas Mar. 21, 2012, no pet.) (mem. op., not designated for publication) (same); *cf. Ex parte Bennett,* Nos. WR-80,778-01, -02, -03, 2014 Tex. Crim. App. Unpub. LEXIS 166, at *4 (Tex. Crim. App. Feb. 26, 2014) (not designated for publication) (ordering trial court to make findings regarding whether some of defendant's six convictions for burglary under plea bargain that disposed of cases together constituted double-jeopardy violation and whether only violative convictions or all convictions should be set aside). In response, the State asserts that there is no double-jeopardy violation, that Loredo waived his double-jeopardy rights by entering into the plea-bargain agreement, and that Loredo failed to preserve any potential claim regarding the alleged violation by failing to bring it to the trial court's attention before entering his plea.

Although the court of criminal appeals has explained that a guilty plea, without more, "does not waive a claim of double jeopardy," the court has recognized that there are circumstances in which the right to be free from double jeopardy may be waived. *Ex parte Birdwell*, 7 S.W.3d 160, 163-64 (Tex. Crim. App. 1999); *see Menna v. New York*, 423 U.S. 61, 63 n.2 (1975) (clarifying that Court did "not hold that a double jeopardy claim may never be waived"). In particular, the court of criminal appeals concluded in *Birdwell* that the applicant seeking habeas relief "waived his right to be free from a second prosecution" where the record showed that the applicant agreed to plead guilty to two offenses under the terms of a plea-bargain agreement and where he "agreed to subject himself to a second trial for the same offense" in order "to receive a lesser sentence which he

4

had already earned enough credit to have discharged." *Ex parte Birdwell*, 7 S.W.3d at 161, 164; *compare Ex parte Marascio*, Nos. WR-80,939-01, -02, -03, 2015 Tex. Crim. App. LEXIS 1052, at *16 (Tex. Crim. App. Oct. 7, 2015) (Keasler, J., concurring) (noting that defendant may waive double-jeopardy rights "by agreeing to subject himself to double jeopardy if it benefits him" as in cases where plea bargain resulted in lesser sentence being imposed), *and Oltivero v. State*, No. 07-14-00318-CR, 2015 Tex. App. LEXIS 9789, at *8-9 (Tex. App.—Amarillo Sept. 17, 2015, no pet. h.) (mem. op., not designated for publication) (determining that defendant waived double-jeopardy rights where he pleaded guilty to offense without plea agreement but where waiver of rights specifically listed double-jeopardy rights), *with Ex parte Milner*, 394 S.W.3d at 505, 510 (granting habeas relief where court determined that double-jeopardy violation occurred and where applicant was given three consecutive life sentences under plea bargain), *Ex parte Marrufo*, No. WR-80,822-01, 2014 Tex. Crim. App. Unpub. LEXIS 356, at *2-3 (Tex. Crim. App. Apr. 9, 2014) (not designated for publication) (Keller, J., dissenting) (agreeing with majority that habeas relief should be granted because both convictions violated double jeopardy but explaining that since it was plea-bargain case, majority should not have vacated and set aside single conviction and instead should have remanded to determine with parties' input whether whole plea should be undone), *and Wilson*, 2012 Tex. App. LEXIS 2192, at *4, *6-9 (addressing double-jeopardy complaint even though it was not presented to trial court, in part, because waivers in plea agreements regarding defects in indictments did not bar double-jeopardy claim that he could not be prosecuted twice for same conduct).

Similar to the applicant in *Birdwell*, Loredo agreed to plead guilty to the charge pending in the district court and to plead nolo contendere to the charge before the county court under the terms of a plea agreement in exchange for the felony aggravated assault charge being reduced to a misdemeanor assault charge and in exchange for a lesser sentence in both charges that he had already earned enough credit to discharge with time served. *See Ex parte Birdwell*, 7 S.W.3d at 164. Moreover, the record reveals that as part of the plea bargain, Loredo agreed to give up all of his constitutional and statutory protections that would apply and agreed to give up any right to appeal his convictions.[2] Given the similarities between this case and *Birdwell*, we must conclude that Loredo waived his right to challenge his conviction before the county court on double-jeopardy grounds and conclude that the county court did not abuse its discretion by denying Loredo's application for writ of habeas corpus. *See id.*; *compare Yount v. State*, No. 03-96-00565-CR, 1998 Tex. App. LEXIS 25, at *4-5 (Tex. App.—Austin Jan. 8, 1998, no pet.) (not designated for publication) (determining that appellate court did not have jurisdiction to consider double-jeopardy claim "following a bargained guilty plea"), *with Reyes v. State*, 139 S.W.3d 448, 449 (Tex. App.—Austin 2004, no pet.) (addressing double-jeopardy claim raised for first time on appeal where there was guilty plea but no plea agreement and where trial court certified that case was not plea-bargain case and that defendant had right to appeal).[3]

---

[2] In his brief, Loredo notes that although the plea bargain generally waives constitutional and statutory rights, the agreement does not specifically mention double jeopardy. However, nothing in the *Birdwell* opinion suggests that the waivers at issue in that case specifically listed double-jeopardy rights. *See* 7 S.W.3d 160, 163-64 (Tex. Crim. App. 1999).

[3] The court of criminal appeals has explained that "a double jeopardy claim may be raised for the first time on appeal or even for the first time on collateral attack when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when

In light of the preceding, we overrule Loredo's issue on appeal.

## CONCLUSION

Having overruled Loredo's sole issue on appeal, we affirm the county court's order denying Loredo's application for writ of habeas corpus.

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed: November 13, 2015

Do Not Publish

---

enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). However, that case dealt with procedural default and was not a waiver case. *See Oltivero v. State*, No. 07-14-00318-CR, 2015 Tex. App. LEXIS 9789, at *8-9 (Tex. App.—Amarillo Sept. 17, 2015, no pet. h.) (mem. op., not designated for publication); *see also id.* at *6 (stating that right to be free from double jeopardy from multiple punishments for same offense is right that is "to be implemented upon request" and is "subject to procedural default"); *Barker v. State*, No. 08-13-00223-CR, 2015 Tex. App. LEXIS 7309, at *15-16 (Tex. App.—El Paso July 15, 2015, no pet.) (not designated for publication) (explaining that although it is right of constitutional dimension, "right to be free from double jeopardy is not a systemic right that may be raised at will on appeal, nor are double jeopardy protections considered to be 'waivable' rights that may be addressed on appeal absent a knowing, voluntary, and intelligent waiver in the trial court").